JAMES D. BECKETT v. CAROLINE A. GRIDLEY and Others.[1]

December 24, 1896.

Nos. 10,417—(252).

**G. S. 1894, § 5689—Deposition—Notary's Certificate.**

G. S. 1894, § 5689, provides that, where the testimony of a witness without the state is taken by deposition, it shall, when completed, be carefully read over to him by the officer taking the same, and thereupon the officer taking such deposition is required to make his return of certain matters regarding such deposition, and attach his certificate thereto, which certificate, it is provided, shall, among other matters, state substantially that such testimony was correctly read over to the witness by the officer before he signed the same. Held, that the certificate of a notary public to a deposition taken and returned by him, that the testimony of the witness was carefully read over to him by the notary public before it was signed by the witness, was in this respect a substantial and sufficient compliance with the law.

**Sale—Breach of Warranty—Burden of Proof.**

Where a horse is sold with a warranty that such horse is capable of fulfilling certain conditions, and which, if not fulfilled, the vendor will replace the horse with another of equal value, or return the notes given for said horse, held, that the burden of showing that the conditions were not fulfilled rested upon the vendee, and the vendor was entitled to notice thereof, and an opportunity either to replace the horse with another of equal value, or to return the notes given for the horse.

Appeal by plaintiff from an order of the district court for Stearns county, Searle, J., denying a motion for a new trial, after verdict in favor of defendants. Reversed.

*D. W. Bruckart,* for appellant.

*Geo. H. Reynolds,* for respondents.

[1] Reported in 69 N. W. 622.

BUCK, J.   The plaintiff brought this action upon two promissory notes, claiming to be a bona fide purchaser.   The notes were made payable to H. J. Dresser or order, each for the sum of $500,—one due June 1, 1894, and the other due June 1, 1895; and the complaint alleged that he duly assigned them to plaintiff before due.   The answer admits the making and delivery of the notes, and alleges that plaintiff took them after due, with full knowledge of the existence of certain defenses set up in the answer, and that the notes were made for the consideration or price of a Percheron stallion, called Draco, purchased from said Dresser by the defendants, and alleges a warranty by him at the time of such purchase that said stallion, with good care and proper handling, was a good, safe, and sure foal getter, and agreed that, if said horse was not as represented, he would replace him with another imported stallion, of equal value, or return the notes given for said horse.   Defendants then pleaded a breach of the warranty, and allege that they have been thereby damaged in the sum of $1,000, which they also pleaded as a defense and counterclaim and set-off, and prayed that said notes might be ordered canceled, and delivered and surrendered up to him.

It appeared that, prior to the making of the notes, another horse had been purchased, and for about the same consideration; that he was not satisfactory, and was returned, and the horse Draco substituted, and these notes were substituted for the notes given as consideration for the first horse.   The warranty was in writing, and not disputed; and it appeared that the horse had good care, and the only question which the trial court submitted to the jury was the question as to whether the stallion was a good and sure foal getter at the time of the purchase, instructing them, however, at the same time that, if they found that he was not such good and sure foal getter, then there would be a breach of the warranty, for which defendants would be entitled to damages, and that the measure of such damages would be the difference between what the horse would have been worth if he had been as represented and what he was actually worth in the condition in which he was.

There are only two questions which we need discuss:   First, the suppression of Beckett's deposition raised by the sixth assignment of error;  second, the construction of the terms of the warranty raised by the seventh assignment of error.

The record in regard to the suppression of the deposition is as follows:

"Plaintiff offered in evidence the deposition of James D. Beckett, taken pursuant to stipulation. Mr. Reynolds: 'I move to suppress the deposition, on the ground that it does not contain the proper statutory certificate.' Stipulation and deposition attached hereto. Which motion the court granted, and defendants excepted."

Counsel for respondents, in his brief, contends that the stipulation was not offered in evidence, but it appears from the record that the stipulation and record were attached, and the notary public certifies that he took the testimony of the witness James D. Beckett, pursuant to the authority and requirements of said stipulation and the interrogations annexed and returned with it. We think it sufficiently appears that it was put in evidence at the time the motion was granted suppressing the deposition.

By the stipulation, it is provided that the official character of Charles L. Norton as such notary public shall be sufficiently proven by his official seal and impression thereof affixed to or stamped upon his return thereto. That this was done sufficiently appears from the record, and all objections to said notary public were expressly waived by the terms of such stipulation, as well as to the issuing of a commission. If he was a notary public, he would be an officer authorized to administer oaths. The point, however, is made that the certificate or return of the notary did not state that the testimony of the witness was correctly read to him. That is true; but the return shows that the testimony was carefully read to the witness.

G. S. 1894, § 5689, expressly provides that:

"The testimony of each witness, when completed, shall be carefully read over by the officer to him, whereupon he may add thereto or qualify the same as he may desire."

The same section, however, provides that:

"Such certificate shall be prima facie evidence of the matters therein stated, and it may be substantially in the following form."

Here follows the form, in which, among other things, it is provided that the certificate shall state "that the testimony of each witness was correctly read over to him." Thus, by express provision of statute, the testimony is required to be carefully read over to the witness, and the certificate must substantially state that it was so

read correctly. The objection that such certificate is insufficient is more technical than meritorious. If it was read correctly, it must have been substantially read carefully to the witness. The objection was therefore not well taken, and the court erred in suppressing the deposition.

By the seventh assignment of error it is contended that the court erred in refusing to charge the jury in regard to the duty of the defendants under the terms of the warranty. Upon this point the plaintiff requested the court to charge the jury as follows:

"That if the horse does not comply with the conditions provided herein, that Dresser, the payee in the note, will replace this animal with one of equal value or return the notes given for said horse, you must find that defendant demanded of or requested said Dresser to replace said horse with one of equal value, in order that you may find a verdict for defendants; and, if this is not shown by the evidence, you must return a verdict for the full amount of said notes in favor of the plaintiff. This request the court refused, and plaintiff then and there duly excepted."

Not only did the court refuse to give this request, but entirely omitted to give any instructions upon the question.

It seems to us that, before the defendants could put the plaintiff or his assignor in default, he should have had notice that the horse Draco did not fulfill the conditions of the warranty, and thus have enabled him to replace this horse with another that would have fulfilled such conditions, or else permitted him to return the notes given for the horse. This option belonged to Dresser. Neither he nor the plaintiff was informed that Draco did not fulfill the conditions, nor were either ever requested to furnish another horse, or to return the notes. The burden of doing this rested upon the defendants, unless there was a waiver, which does not appear in the evidence. The fact that the horse Draco died in the fall of 1894 would not nullify the right of Dresser to replace him with another imported one, of equal value, under the terms of the warranty, or return the notes.

There was no error as to the admission of evidence as to the horse being a good and sure foal getter. See case of St. Paul & M. Trust Co. v. Harrison, 64 Minn. 300, 66 N. W. 980.

Order reversed, and new trial granted.