## E. V. KING v. WILLIAM E. BURNHAM.[1]

November 11, 1904.

Nos. 14,034—(30).

**Pleading.**

The complaint in this action alleged the sale and delivery to defendant of goods of the "agreed and reasonable" value of $124. The answer admitted the sale and delivery of the goods, but denied that the agreed value was $124, alleging that the goods were sold at the agreed value of $50, and no more. *Held*, that the answer did not state new matter, requiring a reply.

**Motion for New Trial.**

It is unnecessary, when moving for a new trial of an action, under the provisions of chapter 113, p. 121, Laws 1901, to embody in the notice of motion the general grounds specified in G. S. 1894, § 5398, except, perhaps, where a mere reference to the ruling complained of would not disclose the particular respects in which it is claimed to be erroneous.

Appeal by defendant from an order of the municipal court of Minneapolis, Dickinson, J., granting a motion for a new trial. Affirmed.

*Jay W. Crane,* for appellant.

*Benton & Molyneaux,* for respondent.

Affirmative matter in the answer which merely tends to deny the allegations of the complaint is not new matter requiring a reply. New defensive matter to require a reply must be in the nature of confession and avoidance. Craig v. Cook, 28 Minn. 232; Olson v. Tvete, 46 Minn. 225; McArdle v. McArdle, 12 Minn. 53 (98); Reed v. Newton, 22 Minn. 541; Conway v. Elgin, 38 Minn. 469; Engel v. Bugbee, 40 Minn. 492; Pinger v. Pinger, 40 Minn. 417; West v. Hennessey, 58 Minn. 133; Williams v. Mathews, 30 Minn. 131; Lyons v. City of Red Wing, 76 Minn. 20.

BROWN, J.

Action was brought in the municipal court of Minneapolis to recover for goods sold and delivered, in which the court ordered judgment for

[1] Reported in 101 N. W. 302.

defendant on the pleadings, and subsequently, on plaintiff's motion, granted a new trial, from which defendant appealed.

The complaint alleged that between the dates stated therein plaintiff sold and delivered to defendant, at his special instance and request, goods, wares, and merchandise of the "agreed and reasonable" value of $124.84, for which amount judgment was demanded. Defendant's answer admitted the sale and delivery of the goods, but specifically denied that the "agreed and reasonable" value thereof was $124, and in that respect alleged "that the agreed and reasonable price of said goods, wares, and merchandise was $50, and no more." When the cause came on for trial defendant moved for judgment on the pleadings, on the ground that the answer contained new matter, which, for want of reply, stood admitted. The alleged new matter consists in the allegation in the answer just quoted, to the effect that the goods were sold at the agreed price of $50, and no more. The court granted the motion, but subsequently, on plaintiff's application, ordered a new trial.

Appellant contends in this court that the court below erred in granting a new trial for two reasons: (1) that the notice of motion stated no grounds; and (2) that the court properly granted the motion for judgment on the pleadings. The notice of motion for a new trial stated that the motion would be made upon the minutes of the court, and

> Upon the following grounds and errors complained of, to wit: In granting defendant's motion for judgment on the pleadings in favor of said plaintiff and against said defendant in the sum of fifty dollars.

We are of opinion that under chapter 113, p. 121, Laws 1901, dispensing with the necessity of taking exceptions at the trial of an action, the notice of motion was sufficiently definite. It pointed out specifically the ruling and error complained of. But one ruling was made on the trial—that granting defendant's motion for judgment on the pleadings—and that ruling is made the basis of the motion for a new trial. It is unnecessary, when moving for a new trial under the provisions of that statute, to embody in the notice of motion the grounds specified in G. S. 1894, § 5398, except, perhaps, where a mere reference to the

93 M.—19

ruling complained of would not disclose the particular respects in which it is claimed to be erroneous.

The answer did not require a, reply; it contained no new matter, either in confession or avoidance of plaintiff's cause of action.   Plaintiff alleged that the goods, wares, and merchandise were sold to defendant at the agreed and reasonable value of $124.   The answer admitted the sale, alleging that the agreed and reasonable value was $50, and was, in effect, nothing more than a denial of the allegations of the complaint.   It is elementary that affirmative matter in an answer which tends merely to deny the allegations of the complaint is not new matter requiring a reply.   New matter requiring a reply must be in the nature of confession or avoidance.   Craig v. Cook, 28 Minn. 232, 9 N. W. 712.   If plaintiff had interposed a reply in this case, he could have done nothing more than reiterate the allegations of the complaint to the effect that the goods were sold at the agreed price of $124.

Order affirmed.