PRIZER–PAINTER STOVE & HEATER COMPANY v. M. M. PEASLEE.[1]

October 26, 1906.

Nos. 14,910—(55).

**New Trial—Exception.**

The definite and specific assignment in a motion for a new trial of a ruling or decision of the trial court constitutes a sufficient exception under chapter 113, p. 121, Laws 1901.

**Same.**

It is unnecessary to follow an assignment so made with a formal exception to the ruling.

**Sale—Breach of Warranty.**

In an action to recover the value of goods sold, in which defendant pleads in defense a breach of warranty, the burden to prove the defense is upon defendant. Plaintiff need not negative the defense in his case in chief.

Appeal by plaintiff from an order of the municipal court of Stillwater, Doe, J., denying a motion for a new trial. Defendant's motion to dismiss the appeal denied. Reversed and a new trial granted.

*Todd & Mayo,* for appellant.

*J. C. Nethaway,* for respondent.

BROWN, J.

Action in the municipal court of Stillwater to recover the value of a heating plant sold and delivered by plaintiff to defendant, in which the latter pleaded in defense a breach of warranty. At the close of plaintiff's case, the action was dismissed on defendant's motion, on the ground that the evidence failed to prove the allegations of the complaint. Plaintiff thereafter moved for a new trial, based on the ground

[1] Reported in 109 N. W. 232.

that the court erred in dismissing the action, and appealed from an order denying it.

It is contended by defendant in this court that there was no exception in the court below to the order dismissing the action, and that, therefore, even if the court erred, the ruling cannot be reviewed, citing Stewart v. Davenport, 23 Minn. 346. If counsel were correct in the contention that no exception was taken in the court below, the case cited would be decisive in his favor, but, as we construe the notice of motion for a new trial, an exception to this particular ruling was therein properly taken. No exception was noted at the trial, but the notice of motion for a new trial specified as a ground thereof, among others: "(2) That the court erred in granting the motion of the defendant, made at the close of plaintiff's testimony, to dismiss the action." We held in King v. Burnham, 93 Minn. 288, 101 N. W. 302, that a distinct and specific designation in a motion for a new trial of the ruling complained of and made the basis of the motion is a sufficient exception, under chapter 113, p. 121, Laws 1901, dispensing with the necessity of taking exceptions at the trial. The decision in that case controls the case at bar, and we follow and apply it. It is unnecessary to follow a specific assignment of error in a motion for a new trial with a statement that the moving party excepts to the ruling so assigned. An exception is but an objection to a ruling, and where the ruling is particularly pointed out and made the basis of a motion for a new trial, it constitutes a sufficient exception.

The complaint in the action alleges the sale and delivery to defendant of the heating plant in question, of the value of $216, and the evidence on the trial tended to show that the same was delivered to defendant and by him installed in a building he was erecting for third parties. It further appears that the purchase price has never been paid. The trial court dismissed the action on the ground that plaintiff should, in addition to showing a sale and delivery of the heating plant, have shown that it was of sufficient capacity to heat the building in which it was installed, and that, having failed to prove this fact, plaintiff could not recover. The court below erred in so holding. The defense to the action was a breach of warranty, the burden to prove which was upon the defendant. Beckett v. Gridley, 67 Minn. 37, 69 N. W. 622. It was not incumbent upon plaintiff to negative the de-

fense. From all that appears from the evidence, the plant was sufficient to heat the building in accordance with the contract between the parties; at least there was no evidence to the contrary. If it was not, and there was a breach of contract in this respect, defendant should have shown it.

Order reversed and new trial granted.