## MONTAGUE COMPRESSED AIR COMPANY, Appellant, v. CITY OF FULTON et al., Respondents.

**St. Louis Court of Appeals. Argued and Submitted May 8, 1912. Opinion Filed June 4, 1912.**

1, CONTRACTS: Prior Negotiations: Evidence. Where no fraud appears, all negotiations leading up to the making of a contract are merged in the contract.

2. APPELLATE PRACTICE: Admission of Evidence: Harmless Error: Instructions. Error in the admission of evidence of representations by the seller's agent prior to the contract of sale sued on was cured by an instruction given on behalf of the seller that all representations pertaining to the subject-matter of the contract were merged in the contract and only the terms of the contract should be considered in determining the right of recovery.

3. ————: ————: Immaterial Evidence: Harmless Error. The admission of evidence that is merely immaterial does not constitute reversible error.

4. ————: Motion for New Trial: Necessity of Specifying Errors. Rulings on the admission of testimony, not assigned as error in the motion for a new trial, are not reviewable.

5. ————: ————: Sufficiency of Assignments of Error: Clerical Errors. Where the plaintiff is the appellant, an assignment of error in the motion for a new trial, that the court erred in admitting incompetent, irrelevant and immaterial evidence "offered by plaintiff," does not present for review the erroneous admission of evidence offered by defendant, even though the use of the word "plaintiff" was a clerical error.

6. SALES: Action for Purchase Price: Evidence: Negative Allegation: Burden of Proof. In an action for the purchase price of pumping apparatus, bought under a contract warranting the pumps to furnish three hundred gallons of water per minute, "conditioned that the wells will furnish three hundred gallons per minute," the burden was on the plaintiff to prove that the cause of the failure of the pumps to pump the specified amount of water was the insufficiency of water in the wells, under the rule that, although the burden of proof generally rests upon the party holding the affirmative of the issue, yet where the plaintiff grounds his right of action on a negative allegation and the proof of the affirmative is not peculiarly within the

defendant's power, the plaintiff must establish such negative allegation to make out a prima facie case.

7. ———: ———: Sufficiency of Evidence. In an action for the purchase price of pumping apparatus, bought under a contract warranting the pumps to funish three hundred gallons of water per minute, "conditioned that the wells will furnish three hundred gallons per minute," evidence *held* to authorize a finding that the wells produced the required amount of water.

8. APPELLATE PRACTICE: Admission of Testimony: Necessity of Objecting. The admission of testimony is not reviewable where no objection was made to it at the time it was offered.

9. ———: ———: ———: Timely Objection: Trial Practice. Where no objection is made to a question propounded to a witness, an objection to an answer which is responsive to the question, on the ground it is a conclusion of the witness, comes too late.

10. INSTRUCTIONS: Form: Failure to Require that Facts be Found "From the Evidence." An instruction containing the phrase "that if the jury found the facts," was not erroneous for omitting to add the words "from the evidence," since it was not possible for the jury to fail to understand that all the facts found must be from the evidence.

11. SALES: Breach of Warranty. Where a city bought pumps warranted to lift a certain amount of water per minute with the expenditure of a certain amount of power, and the pumps delivered required greater power, causing an increased expense, it was not bound to accept and pay for them.

12. MUNICIPAL CORPORATIONS: Contracts: Validity. Under section 2778, Revised Statutes 1909, providing that all contracts by cities shall be in writing, there can be no recovery for labor and material furnished to a city, in the absence of a written contract or memorandum.

13. APPELLATE PRACTICE: Motion for New Trial: Necessity of Specifying Errors. Where the giving of certain instructions is complained of in the motion for a new trial, the instructions not thus specified are not reviewable.

14. ———: Assignments of Error: Sufficiency of Record. Where the record failed to show what modifications were made in the appellant's requested instructions, an assignment of error based upon such modifications will not be considered.

15. ———: Motion for New Trial: Necessity of Specifying Errors. A ground, alleged in the motion for a new trial, that the court erred "in modifying and giving as modified instructions Nos. ——— asked by plaintiff," is insufficient to preserve any error for review, on appeal.

16. ———: Refusal of Instructions: Necessity of Excepting. The refusal of instructions is not reviewable unless an exception is saved thereto.

17. SALES: Breach of Warranty: Waiver by Acceptance: Estoppel. A city, which bought pumping apparatus under a warranty that it would do certain work, and which made every possible effort, but without success, in conjunction with the seller's agent, to make it do such work, and, before the filing of suit for the purchase price, had offered to return it to the seller, and held it subject to the latter's order and did not use it as of right or under claim of any kind, was not estopped, by reason of its use of the apparatus, to dispute the seller's claim for payment of the purchase price, nor to deny that it had accepted the apparatus and thereby waived its right to rely upon the warranty.

18. ESTOPPEL: Pleading. Estoppel, to be available, must be pleaded.

19. ———: ———. In an action for the purchase price of pumping apparatus, where the answer pleaded a breach of warranty and no reply was filed, the rule that, when a cause is tried on the assumption that a reply is filed, putting in issue the new matter pleaded in the answer, the failure to file a reply may not be urged as error on appeal, is not broad enough to warrant the invocation by plaintiff of an estoppel against defendant to avail itself of the breach of warranty, since estoppel, to be available, must be affirmatively pleaded.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*John A. Gilliam* for appellant.

(1) The court erred in admitting evidence of alleged representations by plaintiff's agent before contract was made. Curtiss v. Waterloo, 38 Iowa, 266; Singleton v. Fore, 7 Mo. 515; Gooch v. Conner, 8 Mo. 391; Adams v. Railroad, 74 Mo. 553; Crutchfield v. Warrensburg, 30 Mo. App. 456; Savage v. Springfield, 83 Mo. App. 323. (2) The court erred in admitting the evidence of Judge N. D. Thurmond as an expert engineer, his own testimony being that he knew noth-

ing about engineering except what Bryan Obear told him. Bonnett v. Gladfelt, 24 Ill. App. 533; Walton v. Railroad, 40 Mo. App. 544. (3) The court erred in admitting evidence of Judge Thurmond as to alleged statements of Obear in regard to what the well at the Insane Hospital was doing, that being immaterial and not *res pestae*, but *res inter alios acta*, and it was a collateral issue. Vale v. Butler, 111 Mass. 55; Waugh v. Shunk, 20 Pa. St. (8 Harris) 130; Water Co. v. Aurora, 129 Mo. 540; Adams v. Railroad, 74 Mo. 553. (4) The court erred in ruling that the burden was on the plaintiff to show that there was an insufficiency of water in the wells. Defendants were bound to show there was a sufficiency of water. Windle v. Jordan, 75 Maine, 149; Stewart v. Ashley, 34 Mich. 183; Blunt v. Barrett, 124 N. Y. 117; Heineman v. Heard, 62 N. Y. 448; Richardson v. George, 34 Mo. 104; Tow Co. v. Ins. Co., 52 Mo. 529. (5) The court erred in admitting evidence of alleged misrepresentations of the pump either alleged to be made before the contract as testified by Lovelace, McCall, Thurmond and Wenger, or after the contract as testified to by Thurmond. And in admitting this conclusion which usurped the province of the jury. Q. You may state whether or not the failure to get the fifty gallons in the small well was on account of the deficiency of the water or the deficiency of the pump? A. The deficiency of the pump. Objected to as a conclusion. Objection overruled and exception saved. The admission of this conclusion was reversible error. Curtiss v. Waterloo, 38 Iowa, 266; Singleton v. Fore, 7 Mo. 515; Gooch v. Conner, 8 Mo. 391; 17 Cyc. 27, 28, 45-48; Walton v. Railroad, 40 Mo. App. 544; Musick v. Latrobe, 184 Pa. St. 375; Edwards v. Worcester, 172 Mass. 104; Ivory v. Deerpark, 116 New York, 476; Eubank v. Edina, 88 Mo. 650; Benjamin v. Railroad, 50 Mo. App. 602; Gavish v. Railroad, 49 Mo. 274; Gutridge v. Railroad, 94 Mo. 468; King v. Railroad,

98 Mo. 235; Nash v. Dowling, 93 Mo. App. 156; Koenig v. Railroad, 173 Mo. 698; Dammann v. St. Louis, 152 Mo. 186; Real Estate Co. v. French, 142 S. W. 449. (6) The court erred in giving improper instructions for the defendant. Water Co. v. Aurora, 129 Mo. 540; Devers v. Howard, 88 Mo. App. 253; State ex rel. v. Milling Co., 156 Mo. 620; Smoke Preventer Co. v. St. Louis, 205 Mo. 220; Sedgwick on Damages (6 Ed.), 349; Waterworks Co. v. Joplin, 177 Mo. 496; Depot Co. v. St. Louis, 76 Mo. 393; Morse v. Brackett, 98 Mass. 205; Callanan v. Brown, 31 Iowa, 333; Albers v. Merchants Exchange, 138 Mo. 140. (7) The court erred in sustaining demurrer to plaintiff's second count, and in refusing to set aside non-suit thereon. State ex rel. v. Holladay, 61 Mo. 319; Light & Power Co. v. New York, 62 N. Y. Supp. 726; Dunn v. St. Louis, 7 Mo. App. 592. (8) The court erred in modifying plaintiff's instructions. Water v. Aurora, 129 Mo. 540; Smoke Preventer Co. v. St. Louis, 205 Mo. 220; Depot Co. v. St. Louis, 76 Mo. 393. (9) The court erred in refusing to give instructions asked by plaintiff. Smoke Preventer Co. v. St. Louis, 205 Mo. 220; Water Co. v. Aurora, 129 Mo. 540; Depot Co. v. St. Louis, 76 Mo. 393; 29 Am. & Eng. Ency. Law (2 Ed.), 1095, 1096; Morse v. Brockett, 98 Mass. 205; Mansfield v. Trigg, 113 Mass. 350; Ormond v. Henderson, 77 Miss. 34; 24 Am. & Eng. Ency. Law (2 Ed.), 1079. (10) The court erred in refusing to grant a new trial on the ground that the verdict was against the evidence and against the weight of the evidence and the admission of improper evidence and giving improper instructions. Smoke Preventer Co. v. St. Louis, 205 Mo. 220; Morse v. Brackett, 98 Mass. 205; Baird v. New York, 96 N. Y. 567; Regensburg v. Notestine, 2 Ind. App. 97; Hardee v. Carter, 94 Ga. 482; Nelson v. Overman, 38 S. W. 882; Gutiweiler's Adm'r v. Lackman, 39 Mo. 100; Peck v. Traction Co., 131 Mo. App. 141; Feiertag v. Feiertag, 73 Mich. 302;

Sinker v. Diggins, 76 Mich. 561; Maxted v. Fowler, 94 Mich. 112; People v. Abbott, 97 Mich. 487; Colby v. Portman, 115 Mich. 95; Juergens v. Thom, 39 Minn. 458; Railroad v. Butler, 57 Pa. St. (7 P. F. Smith) 335; Wing v. Chapman, 49 Vt. 36; Bradley v. Cramer, 66 Wis. 298; Sumamon v. Moore, 142 S. W. 494-497. (11) The sale was on trial and the contract was entire, and the failure to object within thirty days after installation on November 27, 1907, was an acceptance which waived all conditions and the fact that the defendant continued to use the compressor till the day of trial and thereafter to the present time, and used the small pump till after suit brought, and by their carelessness broke the large pump and failed to pay for its repair, each and all of said acts amount to an estoppel to dispute plaintiff's claim, and a waiver of every condition, and this court should reverse the case and direct entry of judgment for the plaintiff. Water Co. v. Aurora, 129 Mo. 540; Benjamin on Sales, (7 Ed.), sec. 595; Smoke Preventer Co. v. St. Louis, 205 Mo. 220; 29 Am. & Eng Ency. Law (2 Ed.), 1095, 1096, and notes; 24 Am. & Eng. Ency. Law (2 Ed.), 1079; Morse v. Brackett, 98 Mass. 205; Mansfield v. Trigg, 113 Mass. 350; Ormond v. Henderson, 77 Miss. 34; Nelson v. Overman, 38 S. W. 882; 19 Ky. Law Rep. 161; Johnson v. McLane, 7 Blackford (Ind.) 501; Leppel & Co. v. Pratt, 126 Mich. 453; Hagadorn v. McNair, 96 N. Y. Supp. 417

*J. R. Baker* for respondent.

(1) The circumstances under which a contract was made and the object in view should always be considered in giving meaning to the terms thereof. And in the interpretation of the contract, it is a recognized rule that you should seek out the construction the parties thereto placed upon it and apply that construction. Tetley v. McElmurry, 201 Mo. 382; Nardyke

& Marmon Co. v. Kehlor, 155 Mo. 643. (2) The court did not err in holding that the burden was on plaintiff to show there was an insufficiency of water in the well. Marshall v. Ferguson, 94 Mo. App. 175; Wolf v. Railroad, 155 Mo. App. 125; 16 Cyc., 927. (3) The evidence shows that the interpretation given by the parties to this clause was that plaintiff would pump 250 gallons of water from the large well and fifty gallons per minute from the small well. And the rule is that where a clause or phrase is ambiguous the court will sustain the interpretation of that clause given to it by the parties themselves when the contract is made. Eaton v. Coal Co., 125 Mo. App. 194; Bader v. Mill Co., 134 Mo. App. 135; Woolen Co. v. Wollman, 87 Mo. App. 659. (4) There was no evidence of any written contract between plaintiff and defendant, or written memorandum of any kind, covering items set out in the second count. This being true, the demurrer was properly sustained. R. S. 1909, sec. 2778; Savage v. City, 83 Mo. App. 323; Perkins v. School Dist., 99 Mo. App. 483. (5) It is axiomatic that a party must show complete performance on his part of his contract before he can recover upon it. Myer v. Christopher, 176 Mo. 580.

REYNOLDS, P. J.—This is an action, the petition in which contains three counts.

The first count alleges a contract between plaintiff and defendant city, the plaintiff a manufacturing corporation, one of the defendants the city of Fulton, a city of this state, the others certain of its officers. For brevity we will hereafter refer to the defendants in the singular, intending by that the city. The contract is in the form of a proposal from plaintiff, accepted by defendant city, and all in writing, under which plaintiff proposed to furnish to the city "two Obear Air Lift Displacement Pumps of the aggregate

guaranteed capacity of 300 gallons of water per minute when lifting water from a nine inch and six inch cross sectional diameter wells any height with eighty pounds air pressure, conditioned of course that the wells will furnish 300 gallons of water per minute." Plaintiff was also to furnish an air compressor of specified size and make, "all for the sum of $2900 f. o. b. cars Fulton, Missouri. Payment to be made to us thirty days after installation and operation of the compressor and pumps and determined to be satisfactory." This is followed by specifications in detail as to the capacity of the proposed plant and for the purposes of this case unnecessary to be here set out. The first count prays for judgment for this amount with interest from December 31, 1907, and for costs.

The second count charges that after the installation and acceptance of the pumps and air compressor plaintiff, for the purpose of reinstalling the pumps at a lower working point in the well, at the instance and request and understanding with defendant, selected, ordered and caused to be shipped to defendant the necessary mechanism and materials for installation of the pumps at a cost of $643.40. Itemizing this account, plaintiff asks judgment for that amount.

There is a further count in the petition, setting up an equitable cause of action, which it is unnecessary to notice as it was disregarded at the trial and no error is assigned upon it one way or the other.

The answer, admitting the execution of the contract set out in the petition for the installation of the pumping plant, avers that that was the only contract entered into between the city and plaintiff; admits that under that contract plaintiff proceeded to install the pumping machinery; that by the terms of it plaintiff obligated itself that the plant would pump 300 gallons of water per minute when both pumps were operated at the same time and when the lift of the water would not exceed 500 feet, but denies that plaintiff

carried out and performed its contract according to its provisions and denies that the installation of the pumping machinery was made and the operation of the compressor and pumps was satisfactorily determined on the 27th of November, 1907, or at any other time; denies that they were ever accepted or that on December 31, 1907, plaintiff presented its bill to the city and demanded payment thereof in any sum. To the contrary, defendant avers that after the pumping plant had been installed in November and the pumps failed to give and furnish 300 gallons of water per minute but furnished not more than 125 gallons of water per minute, the agent of plaintiff claimed that the pumps were not deep enough and had them lowered and they again failed to give an increase in the amount of water furnished; that they were operated for a considerable time under the direction of plaintiff's agent and failed to produce more than 125 gallons of water per minute; that plaintiff failed to operate both pumps at the same time and when they were both operated at the same time the two pumps gave no more water than when the larger of the two pumps was worked alone; that the pumps continued to be used from the time of the installation until sometime in March following, they being operated at the direction of plaintiff's agent, and that neither plaintiff nor its agent ever reported to the officers of the city that plaintiff was ready to make a test nor did he request during that whole time that the test be made of the pumps, but on the contrary the agent knew that at no time had the pumps given the amount of water required by the contract; that at the request of plaintiff's agent the pumps were removed so that agent could examine the valves; that in the attempt to remove the pipes under the direction of this agent of plaintiff, the piping and pumps broke away from the tackle and fell about 700 feet into the well; that at great expense defendant had the piping removed and the well

cleared out and made 420 feet deeper and notified plaintiff that the well was ready for replacing of the pump according to the contract and plaintiff refused to replace it. Setting up the representations alleged to have been made by plaintiff's agent prior to entering into the contract and a failure of these representations, the answer to this first count alleges nonperformance of the conditions of the contract. Averring that after the well was cleared of the pipe and deepened, the well "at all times both before and after it was deepened furnished a sufficient quantity of water and at all times the said pump had a greater submergence than the plaintiff required, and that by reason of the facts herein pleaded as defense to the first count of the petition the defendant, the city of Fulton, owes the plaintiff nothing on said contract, and prays judgment against the plaintiff on said first count of the petition."

The answer to the second count denies generally the averments of that count, and after a more specific denial of the correctness of the items in this count, pleads that the city, by a resolution duly adopted by its council, offered to pay plaintiff the sum of $295 to cover the repair of the pump on condition that plaintiff would replace the destroyed pumps and make the pumps work when operated together and at the same time according to the terms of the contract, it being provided in the resolution to this effect that nothing in it was intended to change or alter the terms and provisions of the original contract. It is also averred that plaintiff refused this, wherefore it is claimed that defendant is not liable.

A counterclaim is also interposed by another count in the answer, the city claiming $3681.62 by way of expenditures made and damage to the city for breach of contract by plaintiff.

It appears by the recitals of the abstract of the record proper that after a hearing of the evidence of

plaintiff, defendant demurred to the second count of the petition and the court sustained it, whereupon plaintiff took a nonsuit as to this second count with leave to move to set it aside, afterwards filing this motion and saving exception on its being overruled. At the close of defendant's testimony defendant took a nonsuit on the counterclaim with leave to move to set that aside, but no further action on this appears.

The jury returned a verdict on the first count of plaintiff's petition in favor of defendant; judgment followed and plaintiff filed a motion for new trial, one in arrest of judgment and one to set aside the nonsuit on the second count of the petition. The only motion for new trial before us and as set out in the abstract as having been filed by plaintiff, after assigning that the verdict is against the evidence and the weight thereof and against the law as applied to the evidence and against the law as set out in the instructions given by the court, reads as follows:

"3. That the court erred in admitting incompetent, irrelevant and immaterial (evidence?), offered by plaintiff.

"4. That the court erred in excluding competent, relevant and material evidence offered by this plaintiff.

"5. That the court erred by giving instructions Nos. 7, 4, 9, requested by defendant.

"6. That the court erred in declining to give instructions Nos. 2, 3 and 5 requested by this plaintiff.

"7. That the court erred in giving instructions Nos. —— of its own motion, and in modifying and giving as modified instructions Nos. ——, asked by plaintiff.

"8. That the court erred in admitting testimony offered by defendant as to statements and representations of the parties to the contract sued upon, prior to the execution of said contract.

"9. That the court erred in sustaining defend-ant's demurrer to the second count of plaintiff's petition."

This motion being overruled plaintiff duly excepted. It also filed a motion in arrest of judgment, which was overruled, but no error is here assigned on that.

We will dispose of this case by taking up the points assigned for error by learned counsel who appeared before us for appellant, of whom it is no more than fair to say that he appeared in the case after it had been appealed to this court, not having previously participated in its conduct.

The first point is that the court erred in admitting evidence of alleged representations by plaintiff's agent before the contract was made. This point is well saved by the eighth error assigned in the motion for a new trial. Counsel cites a number of cases in support of the proposition that all prior negotiations, no fraud being alleged or appearing, are merged in the contract. There is no doubt of the correctness of this. But it disappears from this case on consideration of the instruction which the court gave to the jury at the instance of plaintiff at the conclusion of the trial. That instruction, number 4, is to the effect that the law deems all statements or representations of the parties to a written contract pertaining to the subject-matter of the contract, made prior to the execution thereof, as merged or embodied in the contract, "hence in determining whether or not plaintiff is entitled to recover in this suit, you have to determine only whether or not plaintiff complied with the terms of said contract as set out in other instructions." We hold that this instruction was sufficient to cure whatever error was embodied in admitting the testimony of witnesses as to the preliminary negotiations and understandings of the parties prior to the making of the contract. [Anderson v. Union Terminal R.

Co., 161 Mo. 411, l. c. 420, 61 S. W. 874; Harrison v. Kansas City Electric Light Co., 195 Mo. 606, l. c. 634 *et seq.*, 93 S. W. 951.]

There are cases in which the evil wrought by the admission of improper testimony cannot be said to be cured by its subsequent withdrawal but we do not think that that was the situation in the case at bar.

The second and third points go to alleged error in the admission of evidence offered by the defendant, particularly to certain evidence given by Judge N. D. THURMOND, which is claimed to have been evidence that an expert alone could give, it being correctly stated that Judge THURMOND in his own testimony had admitted that he knew nothing about engineering except what had been told him by plaintiff's agent. They also go to evidence given by him as to what the plaintiff's agent had told him about the operation of a like pump in some asylum for the insane. A very careful examination of the testimony of Judge THURMOND fails to show that when examined as a witness by defendant, he gave any testimony that might be considered expert testimony. All he gave that we can construe as expert evidence was given under cross-examination by counsel for plaintiff and this not arising out of his direct examination. As to his evidence as to. the alleged statements of an agent of plaintiff in regard to what a well at the insane hospital was doing, it is argued that that was immaterial and not *res gestae* but *res inter alios acta* and a collateral issue. This objection, in the main answers itself—being merely immaterial, its admission would not constitute reversible error. But all inquiry by us into the correctness of the ruling of the trial court upon the admission of testimony offered and introduced by defendant, save as to the admission of evidence of transactions prior to making the contract, is closed by failure of plaintiff to assign this as error in the motion for a new trial. But apart from the evidence as to

understandings prior to making the contract, the admission of no other offered by defendant and admitted is challenged. Outside of the eighth assignment, the only assignments of error in the admission of testimony are the third and fourth. The third even is of doubtful import. As printed in the abstract and as we have reproduced it, it reads: "That the court erred in admitting incompetent, irrelevant and immaterial (evidence?), offered by plaintiff." Presumably the word "evidence" is not in the motion, for counsel have inserted it in parenthesis, followed by an interrogation mark, and we read this assignment in the motion as if the word "evidence" was there. But it distinctly complains of admission of incompetent, irrelevant and immaterial——"offered by *plaintiff.*" Possibly a clerical error in using the word plaintiff but we are powerless to disregard it. The fourth ground assigned in the motion for a new trial is to the exclusion of competent, etc., evidence "offered by this *plaintiff.*" Our attention is called to no evidence offered by plaintiff and excluded.

The fourth point is that the court erred in ruling that the burden was on plaintiff to show that there was an insufficiency of water in the wells, it being claimed that defendant was bound to show there was a sufficiency of water. We cannot agree that this assignment is sustainable. The contract itself contains this provision, after a proposal upon the part of plaintiff to furnish the pumps, namely, "conditioned of course that the wells will furnish 300 gallons of water per minute." In the course of the trial this occurred, the contracting agent of plaintiff being under examination as a witness in its behalf: Plaintiff offered to show by this witness the capacity of the pump. Objection was made, on what ground is not stated. Whereupon the court observed: "I understand that contract to mean that the party furnishing the pump would furnish a pump that would actually pump three

hundred gallons of water a minute, providing, of course, the water was there to be pumped.'' Whereupon Mr. Hay, of counsel for plaintiff, said: ''May I ask what the court's theory is on ruling on this objection, that the theory of the court is that the burden is on the plaintiff to show if there was a failure to pump three hundred gallons of water a minute that it was due to the shortage of water supplied?'' To which the court answered, ''Yes, sir; that's the construction I put on that contract.'' No objection whatever was interposed, no exception of any kind saved at the time. A careful reading of the instruction given fails to show any instruction by the court which distinctly announces where the burthen of proof was on this matter. The instruction that comes nearest to doing that is the seventh, given for defendant, to the effect that the court instructs the jury that under the contract between plaintiff and defendant, ''it was plaintiff's duty to pump 300 gallons of water per minute or to demonstrate that the wells were not yielding 300 gallons of water per minute; and if from all the evidence you believe plaintiff failed to do this then it did not comply with the contract between it and the city, and you will find for the defendant unless you further find from the evidence that plaintiff was prevented from complying with the contract by a failure on the part of the defendant to comply with the said contract on its part.'' It is difficult to say that this threw the burthen of proof on plaintiff as to the quantity of water flowing in the wells. However that may be, and although in the answer defendant had averred that the well did flow 300 gallons of water per minute, we are of the opinion that the affirmative of this was on plaintiff. That is to say, the burthen of the negation of sufficient water was on plaintiff, as in point of fact its whole claim was that the pumps furnished were of right capacity but that the water which came into the well was not of the required quantity.

On the authority of the decisions of our court in Marshall v. Ferguson, 94 Mo. App. 175, l. c. 181, 67 S. W. 935, and in Wolf v. United Rys. Co., 155 Mo. App. 125, l. c. 123, 133 S. W. 1172, we hold that while as a general proposition the burthen of proof rests on the party holding the affirmative issue, where the plaintiff grounds his right of action on a negative allegation and the proof of the affirmative is not peculiarly within the defendant's power, then the plaintiff must establish this negative to make out a prima facie case. We hold therefore, that even passing over the very doubtful question as to whether this ruling of the court has been properly saved by exception so that we can review it, that there was no error in the theory upon which the trial court proceeded in the admission of testimony and in the instruction to the jury. A careful examination of the testimony in the case warrants us in holding that there was strong affirmative evidence which warranted the jury in finding that the flow of water was ample.

The fifth point is that the court erred in admitting evidence of alleged misrepresentations of the pump, either alleged to have been made before the contract or after the contract, and particularly to the question made of witness Wenger and his answer, the question being: "Do you think it was on account of the flow of water that the pump didn't pump as great as at the start, or was it on account of the pump? A. It was on account of the pump misrepresentation." This witness was also asked to state whether or not the failure to get the 50 gallons in the small well was on account of the deficiency of water or the deficiency of the pump. To this the witness answered, "The deficiency of the pump." As to the admission of the evidence of the representations made before entering into the contract, we have disposed of that in consideration of the first point made by learned counsel for appellant. We cannot sustain the further assignment

for other reasons. There was no objection whatever made or saved to the first question and answer above noted so that that is out of the case. When the second question was asked, no objection was made to it but the objection was to the answer as a conclusion. Counsel are not allowed to wait and take the chance of a witness answering favorably and when the answer turns out to be unfavorable then for the first time raise an objection to the question and answer. That comes too late. Over and above these reasons, this evidence offered by the defendant and as we have seen, its admission, is not challenged in and by the motion for a new trial.

The sixth point made by the learned counsel for appellant is that the court erred in giving improper instructions for defendant. The only instructions on which error is assigned in the motion for new trial are plaintiff's instructions numbered 7, 4 and 9, and these are the only ones open to our consideration. Instruction No. 7 is the one which we have before referred to, which told the jury that it was plaintiff's duty to pump 300 gallons of water per minute or to demonstrate that the wells were not yielding 300 gallons of water per minute, and if from all the evidence they believed plaintiff failed to do this, it did not comply with the contract. As we have before stated, so far as this instruction can be construed to throw the burthen of proof of sufficiency of flow of water in the well on plaintiff, we think it correct. As to the remaining part of it, that it was defendant's duty to pump 300 gallons of water per minute, there is no question whatever of the correctness of this, as that is precisely what is provided for in the contract.

Without setting out the fourth and ninth instructions in full, it is sufficient to say of them that they cover the contract correctly as to the requirements of plaintiff in regard to furnishing force and proper setting of the pumps and as to the work they were ex-

pected to do under the contract. One of the principal arguments against these instructions is that they fail to tell the jury that they are to find these facts "from the evidence," and that there is no evidence supporting them. This is particularly assigned to the fourth instruction. It is hardly to be supposed that men selected as qualified to sit as jurors in a case would for a moment suppose that when the court instructed them as to the facts necessary to find a verdict one way or the other and that when the court spoke of the facts in the case, the jurors did not clearly understand that the court was speaking of facts as before them in evidence. No body of intelligent men, selected as jurors, could possibly have misunderstood the fourth instruction as directing the attention of the jury to the terms of the contract and as to the facts relating to the performance or nonperformance of it, other than as disclosed by the evidence. The mere omission of the court to say to the jury in so many words that if they found "from the evidence" in the case so and so, did not make the instruction fatally defective. Moreover this fourth instruction distinctly told the jury that if they believed the agent of plaintiff had placed his pump low enough to lift water 500 feet the well would have supplied 300 gallons of water per minute, then the jury are instructed that plaintiff did not comply with the terms of his contract and cannot recover in this action provided they found that plaintiff was requested by defendant to place the pump at such a level in the well as to enable it to lift 500 feet high, and that the failure to do so was not caused by the neglect or refusal of the city to furnish pipe or other material for use in placing said pump at a proper depth for that purpose. This instruction certainly was more favorable to the plaintiff than to the defendant although given at the request of defendant.

The error assigned to the ninth instruction is that the court by that told the jury that without con-

sidering the efficiency of the appliances, their accept-
ance, their retention and use, that if it took greater
air power and was more costly to defendant
to operate, they should find a verdict for de-
fendant. We do not think this ninth instruction
is subject to this criticism. It sets out, follow-
ing the contract, that for a 400-foot lift, plain-
tiff guaranteed ''2.6 cubic feet of free air per gallon
of water at eighty pounds maximum air pressure to
start the pump, and sixty-five pounds constant work-
ing pressure; and that for a 500-foot lift we guarantee
three cubic feet of free air per gallon of water at
eighty pounds maximum air pressure to start the
pump and sixty-five pounds constant working pres-
sure to lift water 500 feet high and discharging 300
gallons of water per minute.'' These parts of the in-
struction are word for word as in the contract. Set-
ting them out the court then instructed the jury that
if from the testimony they believed that the pumps,
when installed in the well, required greater air power
to operate them than that specified in the contract and
if the jury further found that the greater air power
which it required was more costly to defendant than
the air power which was mentioned in the contract,
then they were instructed to return a verdict for de-
fendant. We are unable to see any error in this. It
seems to follow as a natural consequence that if the
appliance that plaintiff contracted to furnish defend-
ant was so different from that actually furnished as
to involve the expenditure of more money than was
contemplated to operate it, then it was not the kind
of appliance contemplated by the parties and defend-
ant was not bound to accept it or to retain it and pay
for it.

The seventh point is that the court erred in sus-
taining the demurrer to plaintiff's second count and
in refusing to set aside the nonsuit thereon. This
demurrer was sustained to the second count and the

evidence introduced under it on the ground that there was no evidence showing that the work done and material charged for under this second count was evidenced by any written contract or written memorandum of any kind between the parties covering the items set out in the account. Section 2778 of the Revised Statutes 1909, distinctly provides the method by which cities may contract, it being provided, among other things, that the contract shall be in writing, and it has been held that a contract made by an agent of a city not in accordance with the statute is void *ab initio* and cannot be ratified. [See Savage v. City of Springfield, 83 Mo. App. 323; Perkins v. Independent School Dist. of Ridgesay, 99 Mo. App. 483, 74 S. W. 122.].

In his argument in this case learned counsel for appellant assigns error on a number of other instructions given for defendant but these are the only ones specified in the motion for new trial and we cannot go outside of that to examine or test the correctness of instructions.

The eighth point is to the error of the court in modifying plaintiff's instructions. We are unable to determine from the abstract before us the modifications made by the court in plaintiff's instructions, so that we are bound to disregard this assignment. We might dispose of this point also on the other proposition that in the motion for new trial the only assignment covering this is the seventh, which we have given before but to repeat is as follows: ''The court erred in giving instructions Nos. — of its own motion, and in modifying and giving as modified instructions Nos. — asked by plaintiff.'' It does not appear that the court gave any of its own motion, and we are unable to determine what modifications the court made in any instructions, as before remarked.

The ninth point urged by counsel for appellant is that the court erred in refusing to give instructions

asked by plaintiff. Referring to the motion for new trial, the error assigned is to the failure to give instructions numbers 2, 3 and 5, requested by plaintiff. Turning to the abstract of the record we find instructions numbers 2, 3 and 5, tendered by plaintiff and marked as refused, but we find no exception whatever in the abstract to the refusal of these instructions. They are therefore closed to us for examination or comment.

Passing for the present the tenth point and taking up the eleventh point, it is urged that the sale was on trial and the contract was entire, and that the failure to object within thirty days after installation on November 27, 1907, was an acceptance which waived all conditions, and the fact that defendant continued to use the compressor until the day of the trial and thereafter to the present time and used the small pump until after suit was brought and by its carelessness broke the large pump and failed to pay for its repair, amounted to an estoppel to dispute plaintiff's claim and a waiver of any condition, and it is urged that the court should reverse the cause and direct entry of judgment for plaintiff.

We might dispose of this by saying that an estoppel, to be available, must be pleaded, and none was pleaded. In fact, we have nothing in the abstract of the record to show that a reply of any kind was filed. While it is true that when a cause is tried on the assumption that a reply has been filed taking issue on any new matter in the answer, it is too late to urge the failure to reply in the appellate court. Indeed no such point is here made by counsel for respondent. But that rule is not broad enough to excuse the failure to plead estoppel.

Waiving this, a careful examination and consideration of the testimony in the case fails to show any acceptance and waiver whatever, which constitute an estoppel. In point of fact, from the very first installa-

tion or attempted installation of the plant, the officers of defendant corporation appear to have been making every possible effort, but without success, in conjunction with plaintiff's agent, to make these pumps do the work which had been contracted. It is true that the defendant city retains and seems to have been operating the compressor and possibly the, smaller pump, but it is in evidence that it had offered to return the compressor and the smaller pump long before the institution of this suit and had placed them and still holds them at the order of plaintiff and have in no manner used them as of right or claim of any kind. This assignment is untenable.

The remaining point is numbered ten and is based upon the refusal of the trial court to grant a new trial on the ground that the verdict is against the evidence and against the weight of the evidence and on account of the admission of improper evidence and the giving of improper instructions. We have disposed of the questions arising over the admission of the evidence and over the giving of instructions. Reading over this whole record we see no reason whatever to challenge the verdict of the jury as not being sustained by ample testimony. In fact we are so much impressed with the testimony introduced at the trial as to the complete failure of the plant to do the work required that we do not see how any jury could have arrived at a different conclusion. We will not disturb that verdict.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.