# M. G. KAVLI v. HARRY LEIFMAN AND OTHERS.[1]

May 24, 1940.

No. 32,302.

[1]Reported in 292 N. W. 210.

L. W. *Crawhall,* for appellants.

*Leonard, Street & Deinard,* for respondent.

L. W. *Crawhall,* for John Slosson, one of the additional defendants, filed a consent by the latter to be bound by the result of the appeal.

GALLAGHER, CHIEF JUSTICE.

Plaintiff instituted a replevin action in municipal court in the city of Minneapolis against defendant Harry Leifman to recover possession of a stoker and its appurtenances. On defendant's motion, E. L. Kavli and John Slosson were brought in as additional defendants. Thereafter Leifman answered putting plaintiff on proof as to her ownership and right to possession. He also interposed a counterclaim based on a breach of warranty and demanded a return of the amount paid by him on the purchase price of the stoker. The additional defendants replied to the counterclaim denying the warranty and the breach thereof. The case was tried by the court without a jury and resulted in a decision favorable to defendant Leifman.

The trial court found in effect that on or about November 8, 1935, the Silent Stoker Manufacturing Company (composed of E. L. Kavli and John Slosson) entered into a conditional sales contract with defendant Harry Leifman by which the company sold to Leifman a Silent Stoker with appurtenances for the sum of $520, of which the sum of $320 was paid in cash or its equivalent at the execution of the contract and the balance was to be paid $100 on December 1, 1935, and $100 on January 1, 1936; that for the purpose of inducing Leifman to enter into the contract the additional defendants, E. L. Kavli and John Slosson, made certain representations with reference to the amount of fuel which would

be required to heat Leifman's premises during a normal heating season if a Silent Stoker were purchased and installed; that Leifman was induced to purchase and install a Silent Stoker by reason of such representations; that the stoker did not comply with said representations; that plaintiff acquired the interest of the Silent Stoker Manufacturing Company in said contract by assignment and that defendant Leifman rescinded the contract within a reasonable time.

As conclusions of law the court ordered that judgment be entered in favor of defendant Leifman, that the contract be rescinded, and that defendant Leifman recover from plaintiff and the additional defendants, E. L. Kavli and John Slosson, the sum of $320 with interest since January 5, 1937, together with his costs and disbursements. Judgment was thereafter entered accordingly. Plaintiff, M. G. Kavli, and defendant E. L. Kavli appeal from the judgment. Defendant Slosson does not appeal; and, while it does not appear that a notice of appeal was served on him by appellants, he has filed in this court a written consent to be bound by our disposition of the case.

Appellants assign numerous errors, the most important, and the one fatal to respondent's position, being that defendant Leifman did not sustain the burden of proving a breach of warranty.

1. The burden of proof is on the party relying on a warranty to show the warranty and a breach thereof. Prizer-Painter S. & H. Co. v. Peaslee, 99 Minn. 275, 109 N. W. 232; Jordan v. Van Duzee, 139 Minn. 103, 165 N. W. 877, L. R. A. 1918B, 1136; Beckett v. Gridley, 67 Minn. 37, 69 N. W. 622; 55 C. J. p. 837, § 833, note 16. Cases cited for the contrary of this proposition by respondent (Brown v. Nevins, 84 N. J. L. 215, 86 A. 938; Montague Compressed Air Co. v. City of Fulton, 166 Mo. App. 11, 148 S. W. 422) are not controlling.

The representations contained in the letter from the Silent Stoker Manufacturing Company to Leifman constitute the basis upon which the claim of warranty must rest. It was therefore incumbent upon Leifman to sustain the burden of proving that

he had used more than 63 tons of coal containing at least 13,000 B. T. U.'s for heating his building during a normal heating season. The trial court found that the coal consumed was in excess of that which the vendors of the stoker warranted would be sufficient and that the coal used contained not less than 13,000 B. T. U. heating units per ton. The only testimony upon which the finding that the coal consumed contained not less than 13,000 B. T. U. heating contents was that of defendant Leifman's witnesses, Charles R. McMenomy and Frank B. Arbogast. It appears clearly that the opinion of each of these witnesses was based exclusively on statements made to them by others and not upon any personal investigation, analysis, or experience of their own. They did not qualify as experts, and their testimony was hearsay and objected to as such. The trial court's finding to the effect that the coal consumed contained not less than 13,000 B. T. U. heating units is not supported by competent evidence and cannot stand. Defendant Leifman therefore failed to prove a breach of warranty, and for that reason a new trial must be granted.

2. We do not agree with appellant's contention that the trial court erred in ordering E. L. Kavli and John Slosson in as parties defendant. They were partners doing business as the Silent Stoker Manufacturing Company at the time the contract in question was entered into. If an action in replevin for the stoker had been brought by them the propriety of a counterclaim on the theory of rescission could not be questioned. W. W. Kimball Co. v. Massey, 126 Minn. 461, 148 N. W. 307. It was made to appear by affidavit that the assignment by the Silent Stoker Manufacturing Company of its interest was for the purpose of avoiding such a counterclaim and that E. L. Kavli and Slosson were the real parties in interest in the action. Such being the case, the trial court properly made them parties so that a full determination of the pending action might be had. 2 Mason Minn. St. 1927, § 9181; Lambertson v. Westerman, 200 Minn. 204, 273 N. W. 634.

3. It is contended that the trial court erred in ordering judgment against plaintiff for the amount paid by defendant Leif-

man to the Silent Stoker Manufacturing Company at the time the conditional sales contract here in question was entered into. It may be argued that the assignee of a valid contract is under duty to perform the contractual obligations of his assignor on the theory that the assignment was by implication a third party creditor beneficiary contract. See Grismore, "Is the Assignee of a Contract Liable for the Non-Performance of Delegated Duties?" 18 Mich. L. Rev. 284; Restatement, Contracts, § 163; 2 Williston, Contracts (Rev. ed.) § 418A; 31 Mich. L. Rev. 122; 13 Minn. L. Rev. 728. But defendant, by counterclaiming on the theory of rescission, and the trial court, by deciding that the contract was rescinded, treated the conditional sales agreement as voidable. See E. Edelman & Co. v. Queen Stove Works, Inc. 205 Minn. 7, 284 N. W. 838, and cases cited. Consequently the judgment against plaintiff cannot be rationalized on the suggested basis.

The right of the vendee to recover sums paid under a rescinded contract does not rest on the agreement. Rather is it grounded on the theory that the vendor, having obtained money under a contract made void by rescission, is unjustly enriched at the vendee's expense and, as a consequence, should be subjected to a legal duty to restore that which has been improperly gained. See Seifert v. Union B. & M. Mfg. Co. 191 Minn. 362, 254 N. W. 273. There was, in this case, no unjust enrichment of plaintiff at defendant's expense because, as the trial court in effect found, plaintiff received no payments whatsoever under the agreement. Consequently it was error to grant judgment in defendant's favor against plaintiff on the counterclaim.

Of the cases cited by respondent, Whiting v. Squeglia, 70 Cal. App. 108, 232 P. 986, resembles the one now before us most closely. In that case it was held that the vendee under a contract for sale had as against the assignee of the vendor's interest in the contract a right to retain possession of the property which was the subject of the agreement until the money he had paid under the contract was returned. It is not necessary for us to dispute this holding. The cited case does not hold that the vendee is entitled to a money judgment as against the assignee

of the vendor's interest in the contract where such assignee received no payments under the contract, and it is such judgment that was entered and appealed from in this case.

4. Appellants argue that the court erred in finding defendant rescinded the contract on the ground of misrepresentation as to the amount of coal that was consumed within a reasonable time after the coal consumption for the heating season had been ascertained. Defendant claimed rescission after he had used the stoker for about 14 months. The warranty for the alleged breach of which he sought to rescind was made with reference to the requirements of the stoker for an entire heating season. Such being the case, we do not think that the trial court abused its discretion in finding that defendant elected to rescind within a reasonable time after he discovered the claimed breach of warranty. See Fiterman v. J. N. Johnson & Co. 156 Minn. 201, 194 N. W. 399; Orange Crush Co. v. Stacy-Merrill Fruit Co. 156 Minn. 436, 195 N. W. 147; Laganas Shoe Mfg. Co. v. Sharood, 173 Minn. 535, 217 N. W. 941, and cases cited.

5. Appellants argue that defendant could not rescind for breach of warranty because he failed to return or offer to return the goods to the seller in substantially as good a condition as they were at the time the property was transferred to the buyer. 2 Mason Minn. St. 1927, § 8443(3). The record does not contain evidence from which we can determine with any degree of accuracy what the condition of the stoker was at the time defendant elected to rescind and whether, if depreciated, such deterioration was caused by defects in the stoker. This deficiency will, no doubt, be cured in the event of a new trial.

6. Respondent has advanced the proposition that this court does not have jurisdiction to dispose of the appeal because defendant Slosson does not appeal and was not served with notice of appeal. Slosson did, however, file in this court his consent to be bound by the result of this appeal and by the briefs of appellants. Consequently, the failure of appellants to serve notice of

appeal upon Slosson has been remedied. See Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032.

Judgment reversed and a new trial ordered.