EDWIN E. ARNOLD, APPELLANT, v. ALBERT W. DOWD ET AL., APPELLEES.

FILED SEPTEMBER 25, 1909. No. 15,766.

Contracts: RESCISSION. The right to rescind a contract for fraud must be promptly exercised upon discovery of the ground therefor.

APPEAL from the district court for Harlan county: ED L. ADAMS, JUDGE. *Affirmed.*

*John Everson,* for appellant.

*J. T. McCuistion* and *O. H. Scott, contra.*

ROSE, J.

Plaintiff agreed with defendants to exchange his 320-acre farm in Harlan county for their store and stock of general merchandise at Hubbell. Before the bargain was made, defendants viewed plaintiff's land, and plaintiff inspected the goods in defendants' store and aided them in making an invoice of their stock. Later he deeded his farm to them, took possession of their store, operated it as his own for about five months, sold the stock on hand, brought this action to rescind for fraud the contract under which he parted with his farm, and prayed to have his title thereto restored. The district court found the issues

in favor of defendants and dismissed the suit.   Plaintiff appeals.

The fraud denounced by plaintiff consisted chiefly in the making of an invoice through which defendants are charged with misrepresenting the quality, quantity and value of their stock of merchandise.   Within a month or two after plaintiff took possession of the store, according to his own testimony, he learned through agents of wholesalers that the invoice was wrong.   Afterward he treated the store as his own, and took from the stock for his own use groceries and dry goods without making any account thereof.   After such knowledge of the alleged fraud he managed the business for two or three months, and finally sold the entire stock.   It is elementary that he is not entitled to rescission under such circumstances.   The right to rescind a contract for fraud must be promptly exercised upon discovery of the ground therefor.   By treating the goods as his own, after learning of the alleged fraud, he ratified the contract of which he complains.   It was too late to rescind.   *Pollock v. Smith,* 49 Neb. 864; *American Building & Loan Ass'n v. Rainbolt,* 48 Neb. 434; *Gallagher v. O'Neill,* 78 Neb. 671.   The case was properly dismissed, and the judgment below is

AFFIRMED.