CHARLES WIRTH v. LESLIE H. FAWKES.[1]

December 10, 1909.

Nos. 16,311—(112).

**Right to Rescind Sale.**

In the case of an executed contract for the sale of a chattel with warranty, there being no contract right or obligation to return it in case it does not prove to be as warranted, the buyer, in the absence of fraud, cannot rescind the sale and reject the chattel. His sole remedy is an action for damages for the breach of the warranty.

[1]Reported in 123 N. W. 661.

**Conditional Sale — Breach of Warranty.**

Where, however, the contract of sale is executory or conditional, the buyer, although the chattel is warranted, has the right to make a trial of it, reasonable as respects both time and manner, and to reject it if it does not fulfil the warranty or conditions, by so notifying the seller. He need not return it; but he will be deemed to have accepted it if he does not exercise his right of rejection within a reasonable time, or if he does any act in relation to it inconsistent with its ownership by the seller.

**Evidence — Charge to Jury.**

Evidence considered, and *held,* that it conclusively shows that the plaintiff accepted an automobile sold to him by the defendant, and, further, that the trial court did not err in its instructions to the jury.

Action in the district court for Hennepin county to recover $925, paid by plaintiff on the purchase price of an automobile. The answer set up a counterclaim for $611.82. The facts are stated in the opinion. The case was tried before Simpson, J., and a jury which returned a verdict in favor of defendant for $480.96. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Humphrey Barton,* for appellant.

*Larrabee & Davies,* for respondent.

START, C. J.

This action was brought in the district court of the county of Hennepin to recover from the defendant $925, which the complaint alleged the plaintiff had paid to the defendant on the purchase price of an electric automobile, which the defendant agreed to sell to the plaintiff, and which was warranted to be perfect in every way and guaranteed to run twenty miles under one charge. The complaint further alleged, in effect, that the defendant, in an attempt to perform its part of the agreement, delivered to the plaintiff an electric automobile, and upon its being tested by the plaintiff it was found not to comply with the agreement, and thereupon the plaintiff returned the automobile to the defendant, who received it, and has refused either to deliver to the plaintiff an automobile of the kind specified in the agreement or to repay the purchase price. No fraud was alleged in the complaint.

The answer admitted and alleged that the defendant sold an electric automobile to the plaintiff for $1,000, to be paid for $600 in cash, and the balance, $400, by a second-hand automobile, which was delivered to the defendant; that $500 in money had been paid on the purchase price; that the defendant delivered the automobile purchased by the plaintiff to him, who accepted it and used it for more than a year; and, further, that thereafter, and in June, 1907, the defendant, at plaintiff's request, made repairs upon the automobile, which were not paid for, and the defendant has ever since retained possession of the automobile to protect his lien thereon. The answer also alleged a counterclaim in the sum of $511.82 for repairs on the automobile, made at plaintiff's request. The reply put in issue the allegations of the answer and the counterclaim.

At the close of the plaintiff's evidence the trial court, on motion of the defendant, dismissed the plaintiff's case, on the ground that the undisputed evidence showed that the plaintiff accepted the automobile, and that it became his property, and therefore he had no right to rescind, but his remedy was an action for damages for the breach of the warranty. The defendant's counterclaim was submitted to the jury, and a verdict returned for the defendant in the sum of $480.96. The plaintiff appealed from an order denying his motion for a new trial.

The principal question raised by the assignments of error is whether the trial court erred in dismissing the plaintiff's action. The remedies of a purchaser of chattels for a breach of his contract are well settled in this state. In the case of an executed contract for the sale of a chattel with a warranty, there being no contract right or obligation to return the chattel if it does not prove to be as warranted, the purchaser, in the absence of fraud, cannot rescind the sale and reject the chattel. His sole remedy is an action or counterclaim for damages for the breach of the warranty. Minneapolis Harvester Works v. Bonnallie, 29 Minn. 373, 13 N. W. 149; Lynch v. Curfman, 65 Minn. 170, 68 N. W. 5; Mulcahy v. Dieudonne, 103 Minn. 352, 115 N. W. 636. If, however, the warranty is fraudulent, the purchaser may, within a reasonable time, rescind the contract, return the property, and recover back the purchase price, or

affirm the contract and maintain an action for damages. Marsh v. Webber, 16 Minn. 375 (418). Where, however, the contract of sale of a chattel is executory or conditional, the purchaser, although it be warranted, has the right to make a trial of it, reasonable as respects both time and manner, and to reject it, if it does not fulfil the warranty or condition, by so notifying the seller. He need not return it; but he will be deemed to have accepted it if he does not exercise his right of rejection within a reasonable time, or if he does any act in relation to it inconsistent with its ownership by the seller. McCormick Harvesting Machine Co. v. Chesrown, 33 Minn. 32, 21 N. W. 846; Rosenfield v. Swenson, 45 Minn. 190, 47 N. W. 718; Benjamin, Sales, 212. What is a reasonable time is ordinarily a question of fact; but, where only one conclusion can reasonably be drawn from the undisputed evidence, it is a question of law.

We have examined the evidence herein with the foregoing rules of law in mind, and have reached the conclusion that, if it be conceded that the evidence was sufficient to justify a finding that the contract of sale was executory, within the rule stated, yet it conclusively appears from the plaintiff's own testimony that he accepted the automobile, and that his remedy was an action for damages for breach of the warranty, if any there were.

He testified that the defendant took him out riding a few times in the automobile, and on July 2, 1906, it was turned over to him, and he then paid $300 on the purchase price, and on the nineteenth of the same month he paid $200 more thereon, the defendant representing to him that the machine would be all right; that he kept the machine, and used it from July to November, when it was in repair; and, further, that during this time repairs were frequently made upon it by the defendant, and that every day that repairs were so made a bill therefor was sent to him, which he never returned, and that finally the defendant refused to let him have the automobile unless he would first pay for the repairs thereon. His testimony in this connection is this: "Q. Finally you went there one Sunday and wanted to get it, didn't you? A. Yes, sir. Q. And they wouldn't let you take it out, would they? A. No, sir; they would not. Q. And they said the reason why they would not let you take it out was that you

109 M.—17

couldn't have it any more until you paid your bill for fixing that machine the previous year? A. Yes, sir. Q. That is the reason they gave you? A. Yes. Q. And in order to keep you from taking it out of the barn they had to close the door, did they not? A. Yes, sir. Q. And they had a fight with you to keep it in the barn, didn't they? A. Yes, sir." No other conclusion can be drawn from the plaintiff's testimony, except that he accepted the machine, and thereby the title passed to him. We hold that the trial court correctly dismissed the plaintiff's action.

The plaintiff assigns several errors as to instructions of the trial court relevant to the defendant's counterclaim. The charge of the court, considered as a whole, was correct; for the defendant's claims for repairs were expressly limited by the court to such as were made by the defendant at the plaintiff's request. Such being the case, the jury were properly instructed that the question whether the machine was defective when it was delivered to the plaintiff could not be considered in this action.

Order affirmed.