PAUL H. DASSLER ET AL., APPELLANTS, V. CHARLES ROWE
ET AL., APPELLEES.

FILED JUNE 12, 1912. No. 16,722.

Corporations: PURCHASE OF STOCK: RESCISSION OF CONTRACT. A purchaser of capital stock of a corporation cannot rescind the sale and recover back the consideration paid on the ground that he was induced by fraudulent representations to make the purchase, where he thereafter treated the stock as his own, accepted the benefits thereof, entered into a contract to sell a number of the shares, served as a director of the corporation and participated in its management, with a full knowledge of the facts on which his charges of fraud are based.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*G. H. Merten* and *H. B. Fleharty,* for appellants.

*Lambert, Shotwell & Shotwell, contra.*

ROSE, J.

For the price of $1,500 plaintiffs bought from a shareholder in the Mid-West Specialty Company 60 shares of the capital stock of that corporation. On account of alleged fraudulent representations inducing the purchase, this action was brought to rescind the contract and to recover back the consideration paid. Defendants denied the fraud charged, and pleaded ratification. After hearing the proofs of plaintiffs the trial court dismissed the suit, and they have appealed.

The evidence of plaintiffs shows that, after they learned the facts upon which their allegations of fraud are based, they treated the shares of stock as their own, accepted the benefits thereof, and entered into a contract to sell a number of shares after they brought the suit. From the purchase to the trial plaintiff Paul H. Dassler served as a director of the corporation and participated actively in

transacting its business. On these facts alone, the trial court properly dismissed their action on the showing made by themselves. *American Building & Loan Ass'n v. Rainbolt,* 48 Neb. 434; *Arnold v. Dowd,* 85 Neb. 108.

AFFIRMED.