# CHARLES H. CLARK v. W. A. WELLS and Another.[1]

November 20, 1914.

Nos. 18,823—(78).

**Rescission of contract — fraud — return of property.**

1. The party who rescinds a contract on the ground of fraud must, as a

---

[1] Reported in 149 N. W. 547.

Note.—As to the duty to place other party *in statu quo* upon rescission of contract, see note in 30 L.R.A. 44.

127 M.—23.

general rule, place the other party *in statu quo* by returning what he received; but "the party guilty of the fraud is not entitled to anything more than substantial justice, and a fair opportunity to receive what he parted with." If, through the fault of the wrongdoer, the party defrauded is unable to return all the property received, in the condition in which he received it, it is sufficient, if he restore the property so far as he is able, and secure to the wrongdoer the equivalent of what cannot be returned.

**Same — return of going business.**

2. If the wrongdoer refuses to receive the property when tendered back, the defrauded party may properly do what is necessary to conserve its value, and does not thereby waive his rescission. Where he receives a going business, he may, without waiving his rescission, continue it as a going business during the pendency of the suit to recover what he parted with, if he remain ready, at all times, to turn over to the wrongdoer both the business, in substantially the condition in which he received it, and the profits derived therefrom.

Action in the district court for Ramsey county against W. A. Wells and H. W. Mennig to recover $25,000. The facts are stated in the opinion. The case was tried before Brill, J., who made findings and ordered judgment in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*Christofferson & Burnquist, George T. Olsen* and *Durment, Moore & Oppenheimer,* for appellant.

*John F. Fitzpatrick,* for respondents.

TAYLOR, C.

This is an action to recover back the purchase price paid by plaintiff for the business and property of the Prussian Remedy Co. The complaint, among other things, contains allegations to the effect that plaintiff purchased such business from defendants for the sum of $25,000 paid to them in money and property; that he was induced to make such purchase by fraudulent misrepresentations made by them; that, upon learning of the fraud, he rescinded the purchase, notified defendants thereof, and tendered the business and property back to them in substantially the same condition as when taken over

by him; and that defendants refused to return the consideration received therefor. The answer, among other things, denied and put in issue all charges of fraud.

Plaintiff took over the business on July 3, 1912. The action was commenced on September 6, 1912, and was tried on December 2, 1913. Defendants alleged, by supplemental answers, that plaintiff had operated and carried on the business continuously, and for his own profit, after the commencement of the action. At the beginning of the trial, the parties entered admissions upon the record to the following effect:

That plaintiff gave notice of rescission in proper time and brought his action in proper time; that he carried on the business in the usual and customary manner from the time he took it over, on July 3, 1912, until the time of the trial; that, in manufacturing and preparing the remedies for sale, he used the materials and stock on hand, and replaced the same with new stock and materials; that, out of the proceeds of the business, he paid the operating expenses, including a salary to himself, but appropriated no part of the profits other than such salary; that the profits not reinvested in the business were placed in the bank; that, in conducting the business, he had given his notes in the sum of $7,000 and had sold goods upon credit, in the usual course of business, for which accounts receivable were outstanding in the sum of $16,210; and that the business had been conducted in a building leased to him by defendants, at a rental of $150 per month, and for which he had neither paid, nor been asked to pay, any rent.

The misrepresentations charged were set forth in detail in the complaint. After the above admissions had been made, plaintiff sought to prove such misrepresentations, but the testimony offered for that purpose was excluded. Thereupon plaintiff made an offer to prove all the allegations of the complaint. To this offer defendants interposed the following objection:

"The defendants admit that due notice of the rescission of the contract set up in the complaint and answer was given by the plaintiff to the defendants and that the rescission was made within a due

and reasonable time after the transaction, but object to any· proof of any other allegation in the complaint upon the ground that the plaintiff retained the business of the Prussian Remedy Co. and carried it on as his own from the time of the commencement of this action up to the time of trial, as appears by the facts stipulated in the record in this action."

. This objection was sustained. Thereupon plaintiff further offered to prove:

"That the plaintiff offered to rescind said contract and that at all times since the commencement of this action has been ready, willing and able to deliver to the defendants substantially the property received by the plaintiff from the defendants, and that many times since the commencement of this action has offered so to do, and that all such offers have been refused by the defendants, and that plaintiff is now ready, willing and able to return to the defendants said business and all thereof substantially as received by the plaintiff from the defendants, and to account to the defendants for any and all profits and other transactions had in connection with the operation of said business."

In reply to an inquiry by the court, plaintiff stated that this offer should be taken as qualified by the admissions previously made, and the proof was excluded as irrelevant and immaterial in view of such admissions. Both parties then rested without offering any further evidence. The court held that plaintiff "has disabled himself from restoring to the defendants the original property and business so purchased by him. * * * Has waived and abandoned his former rescission, and is not entitled to any relief," and directed judgment for defendants. Plaintiff made a motion for a new trial and appealed from an order denying the motion.

The question for decision is whether the carrying on of the business from the commencement of the action until the trial, a period of about 15 months, in the manner shown by the admissions, bars plaintiff from recovering as a matter of law.

It is a general rule that a party who rescinds a contract on the ground of fraud must place the other party *in statu quo* by return-

ing what he has received, but "the party guilty of the fraud is not entitled to anything more than substantial justice, and a fair opportunity to receive what he parted with." I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728. "There is no reason for the strict application of the rule when substantial justice can be meted out." Marple v. Minneapolis & St. L. R. Co. 115 Minn. 262, 132 N. W. 333. The rule is not based upon any right possessed by the wrongdoer, but upon the natural equity which forbids one party to take back his own property and also retain that of the other. Although the party defrauded may be unable to return all the property received by him, in the condition in which he received it, yet, if such inability resulted from the fault of the wrongdoer, the party defrauded may still rescind the contract and recover back what he parted with, on condition that he return what he received, so far as he is able to do so, and that he secure to the wrongdoer the equivalent of what cannot be returned. McCarty v. New York Life Ins. Co. 74 Minn. 530, 77 N. W. 426; Rase v. Minneapolis, St. P. & S. S. M. Ry. Co. 118 Minn. 437, 137 N. W. 176; Gates v. Raymond, 106 Wis. 657, 82 N. W. 530; Masson v. Bovet, 1 Denio (N. Y.) 69, 43 Am. Dec. 651.

Upon the present record, it must be taken as conceded, for the purposes of this decision, that defendants were guilty of the fraud charged; that plaintiff took over the business and conducted it for about two months before discovering the fraud; that, upon making such discovery, he promptly rescinded the contract, tendered back to defendants what he had received, and demanded the return of what he had parted with; that defendants refused to rescind, or to receive back what they had parted with, or to return what they had received; and that plaintiff forthwith brought suit to recover the con sideration which he had paid to them.

When plaintiff tendered back the business, he might, perhaps, have notified defendants that such business and the property pertaining thereto remained at their risk, and have abandoned it; but, as defendants denied his right to turn the business back to them, and refused to take it back, we think he was not required to abandon it, in

order to preserve his rights. Barrett v. Speir, 93 Ga. 762, 21 S. E. 168; Potter v. Taggart, 54 Wis. 395, 11 N. W. 678. Under such circumstances it was at least proper for him, if not his duty, to take such steps as were reasonably necessary to conserve the value of the business. That the party rescinding is not required to abandon the property where the other party refuses to receive it, is especially true where the property is of such character that it may depreciate materially in value if abandoned. It is for the benefit of the one ultimately determined to be the owner of the property, that its value be preserved, and the one who refused to receive it is not in a position to complain of any conduct on the part of the other reasonably tending to avert loss.

Defendants sold and plaintiff purchased the business of manufacturing and vending the products of the Prussian Remedy Co. Plaintiff took over a going business, and its value consisted largely in the fact that it was a going business. If it ceased to be such, much of its value would be lost. That it remained under plaintiff's control resulted, not from his own conduct, but from the conduct of defendants; and they cannot complain of any proper action taken by him to preserve it as a going business. He continued to manufacture and sell the remedies in the same manner in which they had previously been manufactured and sold. Defendants contend, however, that, after the rescission, he still conducted the business as his own, and for his own profit. If this be so, it was a waiver of the rescission, but the record does not bear out defendants' contention. Plaintiff offered to prove that, at all times since the rescission, he had been ready to turn the business over to defendants in substantially the same condition in which he received it, and that he is still ready to do so; also that he has appropriated none of the profits, but has kept them on hand ready to be turned over to defendants. It is true that the materials and stock now on hand are not the identical stock and materials received; but this is not important. The business contemplated that stock and materials would be used up and disposed of, and be replaced by new. It could not well be carried on otherwise. It is also true that plaintiff has paid himself a salary.

He was entitled to a reasonable compensation for his services, but could not arbitrarily fix the amount thereof himself. No claim is made, however, that the amount, as fixed by him, was not fair and reasonable. It is also true that, in operating the business, plaintiff has both incurred debts, and acquired outstanding accounts; also that he took over the business without assuming any pre-existing debts, if there were such. He cannot require defendants to assume the debts incurred by him, but must return the business as free and unincumbered as it was when he discovered the fraud. But, if he is able to return the business free and unincumbered, the fact that he is personally liable for the debts, which he has incurred, does not debar him from perfecting the rescission. If, as he claims, he is still able to turn the business back to defendants in substantially the same condition as when he took it over, and is also ready and able to turn over to them the profits which have accrued since he rescinded the contract, he is entitled to recover the consideration with which he parted. Of course, as a condition to such recovery, he must actually turn over the business and profits to, or for, defendants in such manner as the court shall direct.

The amount of the proceeds received from the business, which remain after liquidating the expense necessarily incurred in carrying it on, constitute the profits for which plaintiff must account. The admitted facts would indicate that he has made a substantial profit. To offset the indebtedness of $7,000 he has accounts receivable amounting to the sum of $16,210. If these accounts are good and collectable, and there is nothing to indicate they are not, he should be able to discharge the entire indebtedness and still have a substantial surplus to turn over to defendants as profits.

The order appealed from is reversed and a new trial granted.