# S. FITERMAN AND M. SWITZER, DOING BUSINESS AS S. FITERMAN & COMPANY v. J. N. JOHNSON & COMPANY.[1]

June 29, 1923.

No. 23,387.

**Rescission of sale of goods.**

1. There may not be a partial rescission of an entire contract of sale, but it is not an invariable rule that the buyer cannot rescind the contract if he is unable to return all he received from the seller.

**Seller must refund to buyer what he has received for goods misrepresented by him.**

2. If goods are purchased for resale and the buyer, exercising due diligence, fails to discover that they were not as the seller represented until after he has resold some of them and they have been returned because of their defects, he may return the goods and compel the seller to refund what he received for them if the seller is permitted to retain all he got for the goods the buyer cannot return.

**Rescission of contract is one remedy open to buyer.**

3. Under the Uniform Sales Act, section 6015-69, G. S. Supp. 1917, one of the buyer's remedies for breach of warranty is rescission of the contract of sale.

**Goods sold were misrepresented and buyer had elected to rescind.**

4. The evidence justified the trial court in finding that goods sold were not as the seller had represented them to be, that the buyer had elected to rescind for that reason, had notified the seller of his election within a reasonable time, and had not waived its right to rescind.

Action in the district court for Hennepin county to recover damages for breach of contract. The answer interposed a counterclaim for $1,506, with interest and storage charges. The case was tried before Molyneaux, J., who made findings and ordered judgment as stated at the end of the second paragraph of the opinion. From

[1] Reported in 194 N. W. 399.

an order denying their motion for amended findings or for a new trial, plaintiffs appealed. Affirmed.

*George B. Leonard*, for appellants.

*L. A. Hubachek* and *A. X. Schall, Jr.*, for respondent.

LEES, C.

On May 28, 1920, defendant contracted to buy from the plaintiffs 325 Boone casings for automobile tires at a price of $9.50 each. Defendant made a deposit of $50, and early in June, when 148 casings were delivered, he paid $1,406 more. Delivery of the remainder of the casings was tendered and refused on July 2, whereupon plaintiffs placed them in storage and resold them in February, 1921, for $675 less than defendant had agreed to pay. Plaintiffs sued for this amount and for the storage charges, alleging a breach of contract on the part of the defendant. The answer admitted the contract and alleged that defendant was induced to enter into it in reliance upon certain false representations made by plaintiffs relative to the casings; that, on discovering that plaintiffs had misrepresented the facts, defendant rescinded the contract, refused to receive the casings not already delivered and offered to return those which it had not sold. These allegations were made the basis of a counterclaim for the amount defendant had paid for the casings. A jury trial was waived and findings were made favorable to defendant.

It was found that plaintiffs made the representations set out in the answer; that they were not true and plaintiffs knew they were not; and that they were made to induce defendant to enter into the contract, and were relied upon. It was also found that 100 casings were delivered on June 2, 50 within two weeks thereafter, and that delivery of the remainder was tendered on July 2. All were wrapped in paper in the usual manner. There could be no examination of them before they were unwrapped, and not until this was done did defendant discover that they were not as plaintiff had represented. About 50 of those received were not Boone but Sycamore casings, and all were of a very inferior quality. Until some were brought back because they blew out after a few days' use by the purchasers,

defendant did not and could not ascertain their quality. Defendant had sold 39 casings and had 111 in its possession. These it had offered to return, but plaintiffs refused to accept them and refund the money defendant had paid for them. On this state of facts it was held that there could be no recovery by plaintiffs, and that, upon returning 111 casings, defendant was entitled to judgment on its counterclaim for $1,104.50 and interest. Plaintiffs have appealed from an order denying their motion in the alternative for amended findings or a new trial.

1. Their first contention is that the court erroneously permitted a partial rescission of the contract. The point of the contention is that the evidence shows and the court virtually found that, after discovering the defects in the casings, defendant did not attempt to rescind the contract but disposed of 39 of the casings and destroyed most of those returned by the purchasers, thus disabling itself from restoring all the casings it had received and doing an act inconsistent with its subsequent election to treat plaintiffs as the owners of the property. Duluth Log Co. v. John C. Hill Lumber Co. 110 Minn. 124, 124 N. W. 967. Particular stress is laid upon the finding that defendant discovered that the casings were not as represented when it unwrapped them. If it stood alone, this finding might compel the conclusion that defendant had elected to keep the casings and rely upon an action for damages for its remedy. But the finding must be read in connection with what follows, viz., that defendant did not and could not ascertain the quality of the casings until after some had been sold, used and returned by its customers. The evidence shows that when the casings were delivered, defendant placed them in its stock-room without examining them. From time to time one would be sold and the paper wrapping removed. Then it was discovered that some of the casings had the word "Boone" and some the word "Sycamore" stamped on them. But their true quality was not ascertained until purchasers began to bring them back. It then appeared that the manufacturer had used poor canvas and little rubber and that when the tires were inflated and put to use they would burst. The quality of those returned was so poor they could not be repaired. As junk,

they were worth not to exceed $\frac{1}{2}$ cent a pound. Because of their trifling value, defendant destroyed most of those returned by burning them in its furnace. If defendant had been given judgment for the purchase price of casings which it could not return, plaintiffs would have had some cause for complaint. But they were only required to refund the money they received for the 111 casings defendant must and can return.

We have recently considered and stated the rules applicable to the rescission of contracts of sale for fraud or breach of warranty. Clifford v. Stewart, 153 Minn. 382, 190 N. W. 613; Klemmer v. Bierdorf, 155 Minn. 365, 193 N. W. 592. There may not be a partial rescission of an entire contract. But it is not an invariable rule that there can never be a rescission if it is beyond the power of the party seeking to rescind to return to the other party to the contract all he received from him, Corse v. Minn. Grain Co. 94 Minn. 331, 102 N. W. 728; Clark v. Wells, 127 Minn. 353, 149 N. W. 547, L. R. A. 1916F, 476; and paragraph 3, § 69, of the Uniform Sales Act does not forbid a rescission whenever the buyer cannot return all the goods.

The defendant acted in good faith. The court finds that plaintiff did not. Defendant is in a position where it cannot make a strict tender of all the casings it received. Plaintiffs are required to refund a sum neither more nor less than defendant paid for those it is able to return. They retain the purchase price of the others, 39 in all. Plaintiffs have no right to hold defendant to the contract if the findings stand, and defendant has the right to avoid it. Plaintiffs lose the profits they would have gained if defendant had been bound to perform. Defendant loses the money it paid for the casings it cannot return. There is no injustice to plaintiffs. They are no worse but better off than they would be if all the defective casings could be returned. We hold that defendant had a right to rescind the contract provided the court's findings with respect to plaintiffs' representations are sustained by the evidence and there was no waiver.

Plaintiffs were not in the tire business. They were dealers in job lots of all sorts of merchandise. They received the casings

wrapped as they were by the manufacturer. It was not shown that they knew they were of inferior quality or that they deliberately attempted to deceive the defendant, an experienced dealer in automobile tires. But we think all this is immaterial. Grant that there was no intent to defraud, the fact remains that the evidence justified the court in finding that the alleged representations were made. If made innocently, they amounted at least to a warranty of the quality of the goods. The right to rescind for the breach of such a warranty is given by section 69 of the Uniform Sales Act, section 6015-69, G. S. Supp. 1917. Hence the result must be the same whether or not there was fraud.

Plaintiffs maintain that there was a waiver of the right of rescission because, as late as June 28, defendant sold one of the casings. It was shown that prior thereto its customers brought back casings which had blown out, so it is apparent that before July 1 defendant must have known that the casings were defective. No attempt to rescind was made until July 1, when defendant wrote to plaintiffs as follows:

"As per conversation over the phone today, this is to advise that we will agree to allow you to sell any or all of the 30x3½ Boone casings which you have now on hand. Hoping you will be able to dispose of the whole lot, which is 150 in all, we are" etc.

This had reference to those defendant had refused to accept. On July 3, defendant wrote again as follows:

"Now as the writer told you over the phone and in previous letter that we could not use these casings on account of them not being as represented. It is your privilege to sell them any time you see fit. Here's hoping you will dispose of them" etc.

On July 15 plaintiffs wrote that they would bring suit for damages for defendant's refusal to accept the remainder of the casings. On July 20 defendant replied that it could not accept them because they were not as represented, that plaintiffs had stated they were new stock and were regularly guaranteed by the manufacturer and would be taken care of by plaintiffs or the manufacturer if they went wrong, whereas they were not new stock, the factory was

closed and the casings did not carry a guaranty by a factory. The letter concludes with this statement:

"We feel that you should take the tires back and refund the money, as we cannot afford to sell merchandise that is not of a quality to give service. * * * Hoping this explains matters to you, and that you will give us a disposition of these tires * * * we are," etc.

In our opinion these letters, together with the testimony relative to this feature of the case, show an election to rescind and notice thereof to plaintiffs within a reasonable time, as required by section 69 of the Uniform Sales Act. What was a reasonable time was a question of fact for the court. Wirth v. Fawkes, 109 Minn. 254, 123 N. W. 661, 134 Am. St. 778; 2 Black, Rescission, § 536. We hold that the evidence did not require a finding that defendant had waived its right to a rescission, applying the rule that to justify a court in declaring the waiver of an existing legal right, in the absence of facts creating an estoppel, an intention to waive it should clearly appear. Knox-Burchard M. Co. v. Hartford Fire Ins. Co. 129 Minn. 292, 152 N. W. 650; Kuku v. Kabes, 142 Minn. 433, 172 N. W. 496.

Affirmed.