## ORANGE CRUSH COMPANY v. STACY-MERRILL FRUIT COMPANY.[1]

October 12, 1923.

No. 23,446.

**Printed guaranty on back of order for goods is a warranty.**

1. A guaranty printed over the seller's name on the back of an order for goods is *held* a warranty and not mere trade talk. The evidence made a breach of this warranty a fair jury question.

**Right of buyer to rescind for breach of warranty, after acceptance of goods in ignorance of breach.**

2. The Uniform Sales Statute (section 69, c. 465, Laws 1917), gives the purchaser the right to rescind for breach of warranty, provided he did not know of the breach when the goods were accepted and gives notice of his election to rescind within a reasonable time after acquiring knowledge of the breach. What is a reasonable time in a given case is, as a general rule, a question of fact.

**Notice of rescission given within reasonable time.**

3. The evidence justified the jury in finding that notice of election to rescind was given within a reasonable time after knowledge of the breach of the warranty.

**No error.**

4. No error appears in the rulings made at the trial.

Action in the district court for St. Louis county to recover a balance of $648.83 on the price of merchandise. The case was tried

[1]Reported in 195 N. W. 147.

before Magney, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict for $66.39 in favor of defendant. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Courtney & Courtney*, for appellant.

*McClearn & Gilbertson*, for respondent.

HOLT, J.

In October, 1920, and during the fore part of 1921, plaintiff, a manufacturer of concentrates or flavors for soft drinks, at Chicago, Illinois, secured orders for the purchase of such goods from defendant, a wholesale dealer in such supplies at Duluth, Minnesota. After disposing of some of the goods so purchased to the retail trade, complaints as to their quality came to defendant. This led to some correspondence between defendant and plaintiff respecting these complaints and the condition of the concentrates, which culminated on November 15, 1921, when defendant reshipped all the unsold goods to plaintiff on the ground that they did not comply with the warranty under which they were bought. Plaintiff refused to accept the same from the carrier and sued for the price. Defendant answered, setting up the warranty, a breach thereof, and rescission by returning the goods, and counterclaimed for a small amount. The jury rendered a verdict for defendant and allowed the counterclaim. Plaintiff appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

The evidence made it a fair question for the jury whether the concentrates ordered failed to comply with the warranty. All the orders, except one for a small amount, contained on the back the printed warranty over plaintiff's name. We have no hesitancy in holding this to be a part of the order. All the printed and written matter thereon enter into and form the contract. The warranty referred to is very sweeping, reading in part: "The concentrates are guaranteed to retain their delicate flavor, and to keep indefinitely in any climate. Orange-Crush Company stands rigidly back of this

guarantee, and each order is delivered subject to it." It is idle to claim that this is trade talk and no warranty. The warranty must be held applicable to the vegetable coloring required in the food products. No point was made at the trial of lack of proof of a reliance on the warranty. The words in which the warranty is couched invite reliance thereon. J. I. Case Threshing-Machine Co. v. McKinnon, 82 Minn. 75, 84 N. W. 646.

Unless the evidence justifies a finding that defendant had the right to rescind when it returned the goods, plaintiff should have judgment notwithstanding the verdict. Under the Uniform Sales Enactment one of the remedies of the buyer for a breach of an express warranty is rescission. Laws 1917, p. 789, c. 465, § 69. But subdivision 3 of the section provides that the buyer "cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer."

The evidence has been examined, and we think it was for the jury to say whether defendant within a reasonable time exercised its election to rescind. Such time cannot begin to run until the buyer discovers that the warranty is broken. Under the provision quoted, the right of rescission survives an acceptance of the goods when the purchaser is ignorant of a breach. It appears that the concentrates were put up in bottles. The sale was to a wholesaler. It cannot be contemplated that a wholesaler, purchasing from a manufacturer, could or should test packages or bottles, prepared for the retail trade, before disposing of the same. Hence, where defects become manifest only when the packages are broken or used, some time necessarily passes before knowledge thereof reaches the wholesaler. The character of the goods may also play a part in postponing the appearance of faults therein, and even the seasons of the year may delay the development of imperfections. And a purchaser in defendant's position should not be held concluded if he is inclined to overlook the failure of an occasional package, among a quantity purchased, to comply with the warranty. In this

instance, plaintiff seemed to appreciate the situation, and asked defendant for the names of the customers who complained of the concentrates. Names were furnished so that plaintiff could investigate. This took some time.

These and other matters, suggested in the record, go to prove that, as a general rule, what is reasonable notice of an election to rescind must depend upon the facts of each individual case. For like reasons, the fact that the goods, manufactured by plaintiff and sold to defendant the previous season, had been so unsatisfactory that the parties agreed, in January, 1921, to have what remained exchanged for goods to be delivered upon an order then given and an unfilled order from October, 1920, does not necessarily establish knowledge on the part of the defendant that the goods delivered under said two orders did not comply with the warranty when received. The inference is rather that both parties believed the goods manufactured and sent out thereafter would be as warranted. The cases cited by plaintiff relating to a single article, such as an automobile, likely to be tried at once and disclosing then a breach of the warranty, and those relating to goods where a mere inspection reveals the defects, are not in point.

The admission of a purported sample of the concentrates, over the objection that it was immaterial, is assigned as error. It was material if the sample came from the goods delivered under the orders involved. There was no objection to the sufficiency of the foundation. The ruling on the objection made was right. No other ruling on the admission or exclusion of testimony offered was challenged in the motion for a new trial, and hence cannot be assigned as error on appeal. 2 Dunnell, Minn. Dig. § 7091.

We think the foregoing covers the substantial points in the appeal. The others have been examined, but none are deemed of sufficient merit to require discussion. We find no errors that would justify a reversal.

The order is affirmed.