BELLE H. BILLINGS v. ELMER G. JOHNSON AND ANOTHER.[1]

July 3, 1924.

No. 24,010.

**Fraudulent representations in sale of stock.**

1. The finding of the trial court that the defendants, upon the sale of corporate stock to the plaintiff, made fraudulent representations as to the amount of the debts of the corporation, and fraudulently represented that payment had been made for certain machines in the corporation's factory, and that plaintiff relied upon the representations, is sustained by the evidence.

[1]Reported in 199 N. W. 566.

**Tender of stock to sellers good and kept good.**

2. The plaintiff upon discovering the fraud tendered the corporate stock to the defendants and demanded a return of what they had received. They refused. Her stock purchase gave her corporate control. The corporation used the merchandise on hand in paying debts and in an effort to keep the corporate business alive. In the absence of a finding of waste, or of evidence requiring such finding, the tender was good and kept good and a sufficient restoration was proffered.

Action in the district court for Hennepin county to cancel a mortgage and to recover possession of a stock of merchandise. The case was tried before Salmon, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Kelly, Berglund & Johnson*, for appellants.

*M. C. Tifft*, for respondent.

DIBELL, J.

On February 9, 1922, the plaintiff purchased of the defendants 1,230 shares of the capital stock of the Chic Ladiwear Company for which she gave a real property mortgage for $6,000 and a stock of merchandise which she valued at $2,500. This action, based on fraud, is for the cancelation of the mortgage and notes and the return of the merchandise. There were findings for the plaintiff and the defendants appeal from the order denying their motion for a new trial.

1. The fraud of which the plaintiff complains is the misrepresentation of the amount of the debts of the corporation and a misrepresentation to the effect that payment had been made for the machines in the company's factory necessary for the conduct of the business. The evidence is conflicting. A finding that there was no fraud would be sustained. The evidence sustains the finding of fraud made, and the finding that the plaintiff relied upon the misrepresentations. The question was one for the trial court and the finding is conclusive on review.

2. On February 20, 1922, the plaintiff tendered the corporate stock to the defendants and demanded a return of the merchandise

and a cancelation of the mortgage. The defendants refused. In May following this action was commenced. The stock gave the plaintiff a controlling interest in the corporation. Upon the purchase new officers were elected representing the changed control. The tender was timely and sufficient. The evidence did not require a finding of laches. If the plaintiff, having as she did corporate control, had discontinued the corporate business and kept the corporate merchandise intact, the case would present perhaps less difficulty. Instead she attempted to do something with the business. The corporation had no money. It had pressing debts. Looking at the situation from the present viewpoint there was never much chance of carrying on the business without more money. The corporation was started the preceding fall. There had been losses. It had not become established as a prosperous going concern. There was merchandise on hand of substantial value. The corporation with the plaintiff in stock control used it as it could. Creditors were paid. A small amount was used by the plaintiff for family expenses. At the time of the trial the merchandise was gone. There is no finding that it was wasted or dissipated and no evidence requiring such finding. So far as we gather from the evidence it was used in paying debts and in an endeavor to keep the business alive.

When the defendants refused to accept a rescission the plaintiff was justified, if she proceeded fairly and reasonably, in making an effort to do something with the business. She was not obliged to abandon the tangible property which her corporate stock represented. In the absence of a finding that the property was wasted after the rescission, or of evidence requiring such a finding, it cannot be held that the tender was unavailing or not kept good or the proffered restitution insufficient. Clark v. Wells, 127 Minn. 353, 149 N. W. 547, L. R. A. 1916F, 476; I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728. The facts are quite unlike those in Dassler v. Rowe, 91 Neb. 637, 136 N. W. 846, and Speicher v. Thompson, 141 Mich. 654, 104 N. W. 1104, upon which the defendants rely. We are not disposed to disagree with them. In each there was a dealing with the corporate property or a continuance of the corporate business after the discovery of fraud and a later attempted

rescission. Here a timely rescission is found. When made the plaintiff's cause of action was complete. If she fails now it is because of her dealing with the property afterwards. The record does not show such wasteful or improvident conduct as to make the tender unavailing, or the proffered restitution insufficient.

Order affirmed.