# LAGANAS SHOE MANUFACTURING COMPANY v. C. ROY SHAROOD.[1]

February 10, 1928.

No. 26,478.

**The implied warranty which goes with shoes sold from sample; when buyer may rescind.**

1. Shoes sold from samples carry an implied warranty that they are free from any defects rendering them unmerchantable, which would not be apparent on reasonable examination of the sample.

If unmerchantable, the purchaser has the right to rescind, or he may accept them by conduct under G. S. 1923, § 8422.

**Question of fact whether buyer rescinds within reasonable time.**

2. Whether the purchaser exercises his right to rescind within a reasonable time is usually a question of fact.

**Unmerchantable condition of shoes proved by experts.**

3. The unmerchantable condition of the shoes was sufficiently made to appear solely by the testimony of experts, without the aid of those who wore the shoes.

**Not sufficient that shoes are like sample, if they have concealed defects.**

4. It is not sufficient that the shoes be like the sample if there are concealed defects rendering them unmerchantable.

Sales, 35 Cyc. p. 138 n. 43; p. 158 n. 98; p. 405 n. 55; p. 406 n. 59; p. 430 n. 34; p. 465 n. 92.

See note in 70 L. R. A. 663; 24 R. C. L. 208.
See 24 R. C. L. 292; 6 R. C. L. Supp. 1416.

Plaintiff appealed from an order of the district court for Ramsey county, Boerner, J. denying its alternative motion for judgment or a new trial. Affirmed.

*Jay W. Smith* and *T. M. Thomson,* for appellant.
*Hugo Hendricks,* for respondent.

[1]Reported in 217 N. W. 941.

WILSON, C. J.

Appeal from an order denying a motion for judgment non obstante or a new trial.

Action to recover $2,811.65 for shoes sold to defendant. The purchase is admitted. They were sold from sample. The answer alleged that the shoes were defective, unmerchantable, and not fit to wear. Shoes to the extent of $384.44 were sold by defendant, who admitted he owed plaintiff that amount. He had tendered a return of the balance of the shoes.

Plaintiff began shipping the shoes from its factory at Lowell, Massachusetts, on March 18, 1925, and continued until May 25, 1925. On June 5, 1925, defendant notified plaintiff of complaints. On June 27, 1925, defendant complained bitterly, and again on July 7, 1925. On July 17, 1925, defendant rescinded the purchase.

1. The shoes were sold under an implied warranty that they were free from any defects which would render them unmerchantable, or which would not be apparent on reasonable examination of the sample. G. S. 1923, § 8391. The nature of an implied warranty was discussed in Bekkevold v. Potts, supra, p. 87. The purchaser is deemed to have accepted the shoes when, after receiving them, he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains them without intimating to the seller that he has rejected them. G. S. 1923, § 8422.

2. Plaintiff was a manufacturer; defendant a jobber. The evidence is that defendant could not on inspection see anything wrong with the shoes when received. It sold them to the retailers from whom the consumer or the public bought. This took time in which the character of the shoes was developed. Whether the purchaser exercises his right to rescind within a reasonable time is usually a question of fact. 6 Dunnell, Minn. Dig. (2 ed.) § 9630. He cannot act until he discovers that the implied warranty is broken. The right of the purchaser should not be lost by his indulgence toward the first complaint. Defendant apparently advised the seller thereof, and his assertion of his rights increased with the intensity and volume of the complaints, which eventually led to his rescission.

The shoes appeared to be like the sample. Perhaps they were. Their true character could not be learned until after they were sold to a retailer and by him to the user, and until the latter wore and returned them. Under the circumstances it was for the jury to say whether he acted within a reasonable time. Clifford v. Stewart, 153 Minn. 382, 190 N. W. 613; Fiterman v. J. N. Johnson & Co. 156 Minn. 201, 194 N. W. 399; Marshall Milling Co. v. Hintz-Cameron Co. 156 Minn. 301, 194 N. W. 772; Orange Crush Co. v. Stacy-Merrill Fruit Co. 156 Minn. 436, 195 N. W. 147.

3. Error is based upon the fact that plaintiff was permitted to have expert shoe men testify as to the defects in the shoes without calling the persons who had actually worn them and returned them to the immediate seller. The record to a great extent showed how long the shoes were in possession of the persons who wore them. The volume of defective and returned shoes was unusual. But that aside, we are of the opinion that the experts were competent to give opinions as to the merchantable condition of the shoes, many of which had composition and not leather soles. The witnesses say the shoes went to pieces in from three days to three weeks, whereas they should have stood up for two or three months. The condition of the shoes was sufficiently and properly shown by the testimony of experts whose opinions did not rest upon the character and extent of the use of the shoes. It was therefore not necessary to produce the persons who wore the shoes.

4. The fact that the shoes were substantially of the kind, quality and value of the sample is not sufficient. The plaintiff was the manufacturer of the shoes. There was an implied warranty of absence of defects rendering them unmerchantable, which would not be apparent on reasonable examination of the sample. The composition sole was painted. It was made firm by a wooden form put in the shoe. The question of merchantableness and other questions were properly submitted to the jury.

Affirmed.